## Pat K. SPECK, Appellant,

v.

## FIRST EVANGELICAL LUTHERAN CHURCH OF HOUSTON and Dry Bones Coffee House, Inc., Appellees.

### No. 01–06–00638–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

May 31, 2007.

---

1. See TEX.R.APP. P. 47.1.

T.D. Sullivan, Bellaire, for appellant.

Russell Louis Cook, Jr., Susan Elaine Cates, L.L.P., Joanne M. Vorpahl, Porter & Hedges, L.L.P., Houston, for appellee.

Panel consists of Justices NUCHIA, HANKS, and BLAND.

## OPINION

JANE BLAND, Justice.

Pat K. Speck appeals two no-evidence summary judgments entered in favor of First Evangelical Lutheran Church (the Church) and Dry Bones Coffee House, Inc. (Dry Bones). In one issue, Speck contends the trial court erred in granting the summary judgments because he produced evidence sufficient to raise a genuine issue of material fact with regard to his quantum, sworn account, and breach of contract claims. We conclude that the trial court (1) properly granted summary judgment on Speck's quantum meruit claims because Speck failed to produce evidence sufficient to raise a genuine issue of material fact on these claims, and (2) erred in granting summary judgment on Speck's sworn account and breach of contract claims because the Church and Dry Bones did not move for summary judgment on these claims. We therefore affirm in part, and reverse and remand in part.

## Background

Speck alleges that he performed repair and remodeling services for the Church and Dry Bones. As a member of the Church, Speck charged nothing for his services—he seeks reimbursement only for his out-of-pocket expenses. Speck's original petition alleges that the Church and Dry Bones are liable for his expenses under a theory of quantum meruit, or in the alternative a sworn account. The Church and Dry Bones filed verified denials.

On April 4 and 7, 2006, the Church and Dry Bones moved for summary judgment, asserting that Speck had produced no evidence sufficient to raise a fact issue as to his quantum meruit claims. The trial court set the summary judgment motions for a hearing on May 2, 2006. On April 17, Speck amended his petition and added a claim for breach of contract. Speck responded to the Church's and Dry Bones' summary judgment motions on April 24. On April 26, Speck filed additional affidavits supporting his summary judgment responses. The Church and Dry Bones objected to these affidavits, asserting that the affidavits were not timely because Speck filed them less than seven days before the hearing on the motions for summary judgment. On May 2, the trial court granted the Church's and Dry Bones' summary judgments and disposed of all of Speck's claims.

## No–Evidence Summary Judgment

*A. Standard of Review*

In a Rule 166a(i) no-evidence summary judgment, the movant represents that no evidence exists as to one or more essential elements of the non-movant's claims, upon which the non-movant would have the burden of proof at trial. TEX.R. CIV. P. 166a(i). The non-movant then must present evidence raising a genuine issue of material fact on the challenged elements. *Id.* A no-evidence summary judgment is essentially a pre-trial directed verdict. *Bendigo v. City of Houston,* 178 S.W.3d 112, 113-14 (Tex.App.Houston [1st Dist.] 2005, no pet.); *Jackson v. Fiesta Mart,* 979 S.W.2d 68, 70–71 (Tex.App.-Austin 1998, no pet.). On review, we ascertain whether the non-movant produced more than a scintilla of probative evidence to raise a genuine issue of material fact. *Jackson,* 979 S.W.2d at 70–71. More than a scintilla of evidence exists if the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *King Ranch, Inc. v. Chapman,* 118 S.W.3d 742, 751 (Tex.2003) (quoting *Merrell Dow Pharms., Inc. v. Havner,* 953

S.W.2d 706, 711 (Tex.1997)). If the evidence does no more than create a mere surmise or suspicion of fact, less than a scintilla of evidence exists. *Transp. Ins. Co. v. Faircloth*, 898 S.W.2d 269, 282 (Tex. 1995); *Macias v. Fiesta Mart, Inc.*, 988 S.W.2d 316, 317 (Tex.App.-Houston [1st Dist.] 1999, no pet.). To defeat a no-evidence motion for summary judgment, the respondent is not required to marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements. TEX.R. CIV. P. 166a(i) cmt.

## B. Quantum Meruit

Speck contends that he produced sufficient evidence to raise a genuine issue of material fact with regard to the challenged elements of his quantum meruit claims. The Church and Dry Bones respond that Speck did not produce any competent summary judgment evidence in support of his claims.

■■■ "Quantum meruit is an equitable remedy which does not arise out of a contract, but is independent of it." *Vortt Exploration Co. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944 (Tex.1990). Generally, a party may recover under quantum meruit only if no express contract covering the services or materials furnished exists. *Id.; Truly v. Austin*, 744 S.W.2d 934, 936 (Tex.1988). Quantum meruit "is based upon the promise implied by law to pay for beneficial services rendered and knowingly accepted." *Campbell v. Nw. Nat'l Life Ins. Co.*, 573 S.W.2d 496, 498 (Tex.1978). A party can recover in quantum meruit when non-payment for the services rendered would result in an unjust enrichment to the party benefited by the work. *Vortt Exploration Co.*, 787 S.W.2d at 944. To recover under quantum meruit a claimant must prove that: (1) valuable services were rendered or materials furnished; (2)

for the person sought to be charged; (3) which services and materials were accepted by the person sought to be charged, used and enjoyed by him; (4) under such circumstances as reasonably notified the person sought to be charged that the plaintiff in performing such services was expecting to be paid by the person sought to be charged. *Id.; Bashara v. Baptist Mem'l Hosp. Sys.*, 685 S.W.2d 307, 310 (Tex.1985).

### 1. Speck's Affidavits

■ The Church and Dry Bones contend that the affidavits Speck filed on April 26 in support of his summary judgment responses do not constitute summary judgment evidence because the affidavits were not timely filed.

■ Texas Rule of Civil Procedure 166a(c) provides:

The motion for summary judgment shall state the specific grounds therefor. Except on leave of court, with notice to opposing counsel, the motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing. Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response.

TEX.R. CIV. P. 166a(c). "Summary judgment evidence may be filed late, but only with leave of court." *Benchmark Bank v. Crowder*, 919 S.W.2d 657, 663 (Tex.1996). Where nothing appears in the record to indicate that the trial court granted leave to file the summary judgment response late, we presume that the trial court did not consider the response. *Id.; INA of Tex. v. Bryant*, 686 S.W.2d 614, 615 (Tex. 1985).

Here, Speck filed that affidavits on April 26 and the summary judgment hearing was set for May 2. The affidavits were

untimely because Speck filed them six days before the summary judgment hearing instead of seven, as required by Rule 166a(c). *See* TEX.R. CIV. P. 4 ("In computing any period of time prescribed or allowed by these rules, . . . the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included."); TEX.R. CIV. P. 166a(c); *Geiselman v. Cramer Fin. Group, Inc.,* 965 S.W.2d 532, 535 (Tex. App.-Houston [14th Dist.] 1997, no writ) (noting that when summary judgment hearing was set for November 7, last day to file response was October 31). The record contains no indication that the trial court granted Speck leave to file the affidavits late or otherwise considered them in granting summary judgment. Speck's affidavits therefore are not summary judgment evidence. *See Crowder,* 919 S.W.2d at 663; *Bryant,* 686 S.W.2d at 615.

### 2. *Affidavits in the Pleadings*

■ The Church and Dry Bones contend that the affidavits Speck included with his pleadings do not constitute summary judgment evidence because Speck did not attach them to, or otherwise refer to them, in his summary judgment responses. The affidavits in Speck's pleadings state the elements of a sworn account.

■ A party must expressly and specifically identify the supporting evidence on file that it seeks the trial court to consider in a summary judgment motion or a response to a summary judgment motion. *Boeker v. Syptak,* 916 S.W.2d 59, 61

(Tex.App.-Houston [1st Dist.] 1996, no writ); *see also* TEX.R. CIV. P. 166a(i) cmt. ("To defeat a [no-evidence summary judgment] motion made under paragraph (i), the respondent is not required to marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements.").[1] "Additionally, affidavits attached to pleadings but not attached to the motion for summary judgment will not be included as summary judgment evidence." *Boeker,* 916 S.W.2d at 61–62.[2]

Here, Speck did not attach the affidavits included with his pleadings to his summary judgment responses, nor did he incorporate the affidavits by reference. The affidavits attached to Speck's pleadings are therefore not summary judgment evidence. *See id.*

### 3. *Remaining Evidence*

■ Speck's remaining evidence consists of (1) invoices, receipts, time sheets, bills, and business records that Speck filed with the trial court as exhibits, and (2) two affidavits authenticating these records under the business records exception to the hearsay rule, and the self-authentication rule. *See* TEX.R. EVID. 803(6), 902(10). These business records and affidavits do not demonstrate that the circumstances were such that the Church and Dry Bones received reasonable notification that Speck expected payment for any services or material he might have rendered or furnished. *See Vortt Exploration Co.,* 787 S.W.2d at 944.

---

1. *See also Duke v. Caterpillar, Inc.,* No. 01–03–00840–CV, 2005 WL 568071, at *5 (Tex.App.Houston [1st Dist.] Mar. 10, 2005, no pet.) (mem.op.) ("A party must expressly and specifically identify the supporting evidence on file which it seeks to have considered by the trial court.").

2. *See also Williams v. Angelopoulous,* No. 01–99–00060–CV, 2000 WL 1641127, at *3 (Tex. App.-Houston [1st Dist.] Nov. 2, 2000, no pet.) (not designated for publication) ("Affidavits not attached to the motion for summary judgment or the response are not summary judgment evidence.").

The records include a letter from Dry Bones thanking Speck for a $1,600 donation. Speck appears to have written the following on the face of the letter: "Sorry Jack, this was not a gift. It was an advance so you could buy food to get started back in September. Copy sent back 12/21/04." Speck, however, produced no evidence that he sent this letter back to Dry Bones, or that Dry Bones received it. The letter therefore does not constitute more than a scintilla of evidence that Dry Bones received reasonable notification that Speck expected reimbursement for his expenditures. The letter does no more than create a mere surmise or suspicion of fact without evidence that Dry Bones actually received it. See Faircloth, 898 S.W.2d at 282; Macias, 988 S.W.2d at 317; see also Stewart v. Sanmina Tex. L.P., 156 S.W.3d 198, 216–17 (Tex.App.-Dallas 2005, no pet.) (holding summary judgment on plaintiff's quantum meruit claim was proper because plaintiff produced evidence that employer reimbursed employees if they timely submitted cellular telephone bills, but produced no evidence that he timely submitted his bill). The remainder of Speck's records demonstrate that he tracked the expenditures he made for the Church and Dry Bones, but do not indicate that the Church and Dry Bones received reasonable notification that they were expected to reimburse him for these expenditures.

We hold that the evidence Speck presented is insufficient to raise a genuine issue of material fact on the fourth element of his quantum meruit claims. See Vortt Exploration Co., 787 S.W.2d at 944. The trial court therefore properly granted the Church's and Dry Bones' motions for summary judgment on Speck's quantum meruit claims. See Heldenfels Bros., Inc. v. City of Corpus Christi, 832 S.W.2d 39, 41 (Tex.1992) (holding evidence was insufficient to support quantum meruit claim when plaintiff produced no evidence that

circumstances reasonably notified defendant that plaintiff expected payment for goods); Stewart, 156 S.W.3d at 216–17 (holding summary judgment on plaintiff's quantum meruit claim was proper because plaintiff produced evidence that employer reimbursed employees if they timely submitted cellular telephone bills, but produced no evidence that he timely submitted his bill); McFarland v. Sanders, 932 S.W.2d 640, 643–44 (Tex.App.-Tyler 1996, no writ) (holding evidence was insufficient to support quantum meruit claim because plaintiff produced no evidence that plaintiff provided services for defendant's benefit); Peko Oil USA v. Evans, 800 S.W.2d 572, 575–76 (Tex.App.-Dallas 1990, writ denied) (holding that trial court erred in overruling defendant's motion for directed verdict on plaintiff's quantum meruit claim because plaintiff produced no evidence that circumstances reasonably notified defendant that plaintiff expected payment for services); Econ. Forms Corp. v. Williams Bros. Constr. Co., 754 S.W.2d 451, 458–59 (Tex. App.-Houston [14th Dist.] 1988, no writ) (holding that summary judgment was proper on plaintiff's quantum meruit claim because plaintiff produced no evidence that circumstances reasonably notified defendant that plaintiff expected payment for goods and services).

## Excess Relief

The Church's and Dry Bones' summary judgment motions challenged only the evidence supporting Speck's quantum meruit claims. The trial court, however, granted summary judgment on all of Speck's claims, including his sworn account and breach of contract claims. The Church and Dry Bones assert that Speck has waived any complaint regarding this excess relief because he failed to raise it at trial or on appeal. While Speck did not specifically assert in his appellate brief

that the trial court's judgment should be reversed because the trial court granted the Church and Dry Bones excess relief, he nevertheless expressly contends on appeal that fact issues exist on his sworn account and breach of contract claims.

■■■■ "[A] motion for summary judgment shall state the specific grounds therefor." TEX.R. CIV. P. 166a(c). A trial court can only grant summary judgment on the grounds addressed in the motion for summary judgment. *See Blancett v. Lagniappe Ventures, Inc.,* 177 S.W.3d 584, 592 (Tex.App.Houston [1st Dist.] 2005, no pet.); *Postive Feed, Inc. v. Guthmann,* 4 S.W.3d 879, 881 (Tex.App.Houston [1st Dist.] 1999, no pet.) ("When, as here, a trial court grants more relief by summary judgment than requested, by disposing of issues never presented to it, the interests of judicial economy demand that we reverse and remand as to those issues, but address the merits of the properly presented claims." (citing *Bandera Elec. Coop., Inc. v. Gilchrist,* 946 S.W.2d 336, 337 (Tex.1997))). A motion for summary judgment "must stand or fall on the grounds expressly presented in the motion." *McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 341 (Tex.1993). "A trial court that renders judgment based upon a motion errs in granting more relief than the motion requests." *Toubaniaris v. Am. Bureau of Shipping,* 916 S.W.2d 21, 23 (Tex.App.-Houston [1st Dist.] 1995, no writ); *see also Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 200 (Tex.2001) ("A judgment that grants more relief than a party is entitled to is subject to reversal, but it is not, for that reason alone, interlocutory.").

■■■ An appellant's brief "must state concisely all issues or points presented for review," and the "statement of an issue or point will be treated as covering every subsidiary question that is fairly included."

TEX.R.APP. P. 38.1(e). "[I]t is our practice to construe liberally points of error in order to obtain a just, fair and equitable adjudication of the rights of the litigants." *Sterner v. Marathon Oil Co.,* 767 S.W.2d 686, 690 (Tex.1989); *see also* TEX.R.APP. P. 38.9; *Tex. Mexican Ry. Co. v. Bouchet,* 963 S.W.2d 52, 54 (Tex.1998) ("Courts should liberally construe briefing rules."); *Anderson v. Gilbert,* 897 S.W.2d 783, 784 (Tex.1995) ("Courts are to construe rules on briefing liberally."). An appellant's brief must also contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record. TEX.R.APP. P. 38.1(h); *see also Vickery v. Vickery,* 999 S.W.2d 342, 352-53 (Tex.1999).

■■■ Here, in his sole issue, Speck asserts that, "The Trial Court Erred In Granting Appellees' Motion For Summary Judgment, As There Existed Evidence In The Court's File Supporting Appellant's Case." The argument section of Speck's appellate brief then contains the following statements:

A sworn account was pleaded and proved in all its elements. There was an open account between the parties for over a year. The parties operated under the account arrangement. Appellant performed his obligations under the account agreement and expected payment. The Appellees, after receiving the benefit of the bargain refused to pay.

There was a contractual agreement between the parties. The Appellant agreed to do certain remodeling for Appellees, and to be reimbursed for [sic] same. The work was performed and accepted. The Appellees made partial payment on the agreement, and should now be estopped from denying the agreement.

Construing Speck's issue and argument liberally, we hold that Speck's appellate brief fairly includes a complaint regarding the trial court's grant of excess relief to the Church and Dry Bones. *See* Tex.R.App. P. 38.1(e), (h); Tex.R.App. P. 38.9 ("Because briefs are meant to acquaint the court with the issues in a case and to present argument that will enable the court to decide the case, substantial compliance with this rule is sufficient...."); *Sterner*, 767 S.W.2d at 690; *Hagberg v. City of Pasadena*, 224 S.W.3d 477, 481 (Tex.App.-Houston [1st Dist.] 2007, no pet.) (liberally construing issue and holding that it fairly included subsidiary issue). When read together, Speck's issue and argument assert that the trial court's summary judgments on his sworn account and breach of contract claims were improper because factual disputes remain on these claims. We hold that when a trial court grants summary judgment on a ground not contained in the motion for summary judgment, an assertion on appeal that fact issues remain on that ground is sufficient under the Texas Rules of Appellate Procedure to raise a challenge to the excess relief—without any request for summary judgment on a claim, nothing exists in the trial court record to controvert an appellant's contention on appeal that facts exist to support it. *See* Tex. R.App. P. 38.1(e), (h); *Sterner*, 767 S.W.2d at 690; *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex.1970) (holding that issue stating that trial court erred in granting summary judgment is sufficiently broad to allow argument as to all possible grounds upon which summary judgment should have been denied). The trial court therefore erred in granting summary judgment on Speck's sworn account and breach of contract claims. *See* Tex.R. Civ. P. 166a(c); *Lehmann*, 39 S.W.3d at 200; *McConnell*, 858 S.W.2d at 341; *Blancett*, 177 S.W.3d at 592; *Guthmann*, 4 S.W.3d at 881; *Toubaniaris*, 916 S.W.2d at 23. Accordingly, we reverse the trial court's judgment on Speck's sworn account and breach of contract claims and remand these claims for further proceedings.

### Conclusion

We hold that the trial court (1) properly granted the Church's and Dry Bones' summary judgments on Speck's quantum meruit claims because Speck failed to produce sufficient evidence to raise a genuine issue of material fact on these claims, and (2) erred in granting summary judgment on Speck's sworn account and breach of contract claims because the Church and Dry Bones did not move for summary judgment on these claims. We therefore affirm the trial court's judgment with regard to Speck's quantum meruit claims. We reverse the trial court's judgment with regard to Speck's sworn account and breach of contract claims, and remand for further proceedings.