NO. 07-07-0373-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

OCTOBER 31, 2008

_____

DION'S OF TEXAS, INC. ,

Appellant

v.

SHAMROCK ECONOMIC DEVELOPMENT CORPORATION,

Appellee

_____

FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;

NO. 11,576; HON. JOHN T. FORBIS, PRESIDING

_____

***Memorandum Opinion***
_____

Before QUINN, C.J., CAMPBELL, J. and BOYD, S.J.[1]

Dion's of Texas, Inc. (Dion's) appeals from a final summary judgment rendered in favor of Shamrock Economic Development Corporation (Shamrock) for past rent and termination of a lease. Through six issues, it contests the propriety of the judgment. Each, however, involves the alleged option to purchase realty Shamrock granted Dion's in the

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. §75.002(a)(1) (Vernon 2005).

lease agreement. Furthermore, Dion's claimed to have exercised the option before Shamrock terminated the lease. We affirm the judgment.

*Background*

Shamrock and Dion's entered into a lease agreement in January 1994 for a building owned by Shamrock. The lease term was seven years with an option to renew for an additional eight years if Dion's was not in default. In addition to receiving a monthly credit towards the rentals (which depended upon the number of employees hired), Dion's also received via the lease "an exclusive right of first refusal to purchase the premises." The latter could be exercised at any time during the term of the lease by written notice. Moreover, the purchase price was liquidated at $240,000, which price would be reduced by the lease payments which were made including the job credits mentioned above.

At the end of the initial term, the parties renewed the lease per the same terms effective January 2001. Eventually, the lessee defaulted in its rental payments. Consequently, Shamrock sued it, on July 14, 2004, seeking $10,000 in past rent and repossession of the premises. The suit remained pending for several years before Dion's attempted to exercise the option to purchase via a letter sent on May 9, 2006. Shamrock responded by informing Dion's, by letter dated May 15, 2006, that it considered the lease terminated for non-payment of rent, non-payment of taxes, non-payment of insurance, and other violations.

On May 26, 2006, Dion's filed a counterclaim in which it conceded being "in default in the payment of the full rent required for 2003, 2004, 2005, and through this date in 2006." However, it also sought specific performance of the right to purchase. This led Shamrock to amend its petition to allege that 1) Dion's also defaulted in paying the property

2

taxes and insuring the premises, 2) $38,000 was due in past rentals, and 3) the lease had terminated. Thereafter, it filed a motion for summary judgment seeking to have judgment rendered on its amended petition.

In turn, Dion's amended its counterclaim to add demands for reformation of the lease and for a construction of the contract as it pertained to the credits it purportedly earned through the years. So too did it move for summary judgment. The trial court denied Dion's motion for summary judgment, granted that of Shamrock, awarded Shamrock $32,598 in past rent,[2] and declared the lease terminated.

*Termination of the Lease*

No one questions whether the lease vested Shamrock with the authority to terminate it upon default by Dion's and notice by Shamrock. No one questions that Dion's failed to perform various duties imposed by the lease or that Shamrock notified Dion's in writing of the defaults and of its intent to terminate the lease per the lease terms. Dispute arises as to whether Dion's exercised its option to purchase before Shamrock terminated the agreement. According to Dion's, if it did, then there was no lease to terminate.

The option in question read:

In consideration of the execution of this lease agreement,

LESSOR hereby grants to LESSEE, *an exclusive right of first refusal to purchase the premises*. This option may be exercised by LESSEE at any time during the term of this lease by written notice to LESSOR. This option shall be irrevocable during the period of this lease agreement or any renewal and extension hereof, and will expire on termination of the lease agreement, or any renewal thereof, without notice to LESSEE.

---

[2]Dion's conceded in its response to Shamrock's motion for summary judgment that it owed that amount in past due rentals.

3

(Emphasis added). In reading this provision, the words we italicized give us pause. They do not speak of a unilateral right to buy at anytime. Rather, the verbiage describes a "right of first refusal." As such, the right granted Dion's the opportunity to buy the land and facility if Shamrock decided to sell it. *See Abraham Inv. Co. v. Payne Ranch, Inc.,* 968 S.W.2d 518, 524 (Tex. App.–Amarillo 1998, pet. denied); *National Adv. Co. v. Potter*, No. 01-06-01042-CV, 2008 Tex. App. LEXIS 2462 at *8-9 (Tex. App.–Houston [1st Dist.] April 3, 2008, pet. denied) (defining a right of first refusal as a preemptive or preferential right of purchase giving one party the first opportunity to buy property before it can be sold to another). Unlike a true option, one holding the preemptive right cannot force an unwilling landowner to sell. *Riley v. Campeau Homes, Inc.*, 808 S.W.2d 184, 187 (Tex. App.–Houston [14th Dist.] 1991, writ dism'd). And, until the landowner decides to sell, one with a right to first refusal has nothing to exercise. *Id.*; *see Abraham Inv. Co. v. Payne Ranch, Inc.*, 968 S.W.2d at 524-25 (stating that the preferential right ripens into an option at the moment the property owner gives notice of his intent to sell). So, before Dion's could buy the realty at issue, Shamrock must first have attempted or at least intended to sell it.[3] *Id.* And, we find nothing in the lease or language used by the parties to render the provision and its effect ambiguous.

---

[3]Dion's suggests in its brief that whether the language in question gave it an option to buy was never raised below. While it is true that a summary judgment can only be affirmed or reversed on grounds stated in the motion for same, *Speck v. First Evangelical Lutheran Church of Houston,* 235 S.W.3d 811, 818 (Tex. App.–Houston [1st Dist.] 2007, no pet.), we cannot but conclude that the issue was before the trial court. This is best illustrated by analogy. Before one can secure a summary judgment collecting upon a promissory note, he must first show that a valid note existed. Simply put, there can be no recovery if there is no note. The same is no less true here. Dion's could not unilaterally buy the property without the consent of Shamrock if it had no such right. So, it was obligated to prove that it had the entitlement it claimed it had in order to recover upon its motion for summary judgment.

Next, Dion's cites us to no evidence of record evincing an attempt by Shamrock to sell the land. Nor are we cited to any evidence suggesting that the owner intended or desired to sell the property prior to the time Dion's opted to buy it. Nor did our own search of the record fill the void. Without that evidence, Dion's did not prove, as a matter of law, that it had an option to buy in the manner that it did before Shamrock ended the lease. Thus, the trial court did not err in entering summary judgment declaring that the lease had terminated.

The issue of termination is dispositive, and our resolution of it frees us from having to address the remaining contentions in appellant's brief. Consequently, we affirm the summary judgment rendered by the trial court.


Brian Quinn
Chief Justice