# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00689-CV

**Crandall Medical Consulting Services, Inc., Appellant**

**v.**

**John A. Harrell, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 274TH JUDICIAL DISTRICT
### NO. C2007-0109C, HONORABLE JACK H. ROBISON, JUDGE PRESIDING

## D I S S E N T I N G   O P I N I O N

This is a summary judgment case. The sole basis on which Plaintiff Harrell sought summary judgment was that he had "performed all of the obligations imposed on him by the contract" and that Defendant Crandall Medical Consulting Services failed to transfer the property. Harrell did not seek summary judgment on the basis that, although he had breached the contract by failing to make the second earnest money payment, such breach was immaterial as a matter of law. Crandall Medical disputed that Harrell had performed all of his obligations under the contract and proffered summary judgment evidence to the effect that Harrell had failed to make the second earnest money deposit in a timely fashion. Harrell did not dispute or controvert this evidence in the trial court, nor does he dispute it in this Court. Harrell also did not amend or modify the grounds for his motion for summary judgment in light of Crandall Medical's response and summary judgment evidence.

Harrell sought summary judgment on the basis that he had performed all of his obligations and that Crandall Medical had not performed its obligations. This alleged state of facts

was properly disputed, and Harrell did not conclusively demonstrate otherwise. If Harrell believed he was entitled to summary judgment as a matter of law on the basis that he, in fact, did breach the contract by failing to make the second earnest money payment, but the breach does not preclude his obtaining specific performance as a matter of law, it was incumbent on Harrell to seek summary judgment on that basis. He did not. His only basis for summary judgment was based on his allegation that he had performed all of his obligations under the contract. Crandall Medical properly controverted this allegation and raised a question of material fact.

Harrell's position in this court is that he concedes the fact that the second earnest money deposit was not made, but that this breach is not a material breach as a matter of law. However, Harrell did not present this as a basis for summary judgment to the trial court. It is fundamental that a motion for summary judgment must state the specific grounds on which the moving party believes summary judgment is appropriate, and a party may not obtain summary judgment on a basis or ground not presented to the court. *See* Tex. R. Civ. P. 166a(c); *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 339-41 (Tex. 1993); *Speck v. First Evangelical Lutheran Church of Houston*, 235 S.W.3d 811, 818 (Tex. App.—Houston [1st Dist.] 2007, no pet.). The majority upholds the summary judgment here on a basis not presented by Harrell to the trial court. The motion for summary judgment in this record filed by Harrell will not support a summary judgment in his favor.

In addition, even if one were to posit that the materiality issue had been properly before the trial court, it is not relevant to the disposition of this case. The effect of the materiality of a breach by a buyer with respect to a real estate contract comes into play only in situations where the parties have not expressly contracted as to what the remedy will be for the breach at issue. Here, the sales contract expressly provided the remedy for the breach at issue:

2

> If Buyer fails to timely deposit the earnest money, Seller may terminate this contract by providing written notice to Buyer before Buyer deposits the earnest money and may exercise Seller's remedies under Paragraph 15.

The "earnest money" referenced in this clause expressly included the $100 second earnest money payment. The parties contracted for the remedy of termination by Crandall Medical in the event Harrell did not timely make a required earnest money deposit. It is undisputed here that Harrell did not make the $100 earnest money deposit timely. It is also undisputed that Crandall Medical terminated the contract before Harrell made the deposit. Where a contract unambiguously sets out the remedy for a breach and there is no issue as to the enforceability of the provision at issue, the materiality of the breach is not relevant to whether the remedy is available. *Limestone Group, Inc. v. Sai Thong, L.L.C.*, 107 S.W.3d 793 (Tex. App.—Amarillo 2003, no pet.).[1] Otherwise, such contractual remedy provisions would be meaningless.

The majority cites to cases that hold that a party may not obtain specific performance when that party is in material breach of a contract. These cases are not relevant here. The question presented in this case is whether Crandall Medical had the right to terminate the sales contract when

---

[1] I do not find the majority's attempt to distinguish *Limestone Group, Inc. v. Sai Thong, L.L.C.*, 107 S.W.3d 793 (Tex. App.—Amarillo 2003, no pet.), persuasive. The majority points to the fact that the contract in *Limestone* used the language "if Purchaser shall not be in default hereunder" as a condition to the purchaser receiving specific performance as a distinction from this case. Here, the contract states that the seller may terminate if the buyer does not deposit the earnest money as required. If the contract is properly terminated, there can be no specific performance. In both instances the parties have agreed that a failure to abide by certain contract requirements will preclude specific performance. The difference in wording is of no significance. The majority also states that Harrell was not in "default" at the time he sought specific performance and that this is somehow pertinent. It is not. Harrell offered the additional earnest money *after* Crandall Medical had exercised its contractual right to terminate the contract. Harrell was in breach at the time of termination. The fact that he offered the additional earnest money when he also sought specific performance is not relevant to the legal inquiry at all.

3

Harrell failed to deposit the second earnest money installment. The sales contract expressly provided that Crandall Medical had such a right. If this contractual provision is enforceable and Crandall Medical properly exercised that right, the sales contract was terminated as of the date that the termination notice was delivered. In that case, Harrell cannot obtain specific performance. If the contractual termination provision is not enforceable, then the sales contract was not terminated, and Harrell's failure to make the second earnest money deposit, whether material or immaterial, does not matter. Thus, even if Harrell had sought summary judgment on the basis that his admitted breach was not material as a matter of law, it would not be a proper ground for summary judgment in his favor based on the contract provisions at issue in this case. Instead, the enforceability of the termination provision—i.e., whether Crandall Medical had the right to terminate the contract—is the pivotal issue, rather than the materiality or non-materiality of Harrell's failure to timely make the second earnest money deposit. This issue has not been adjudicated here either as a question of law or fact.

Without citation to any authority and without reference to anything in the contract, the majority disposes of this problem with the unsupported conclusion that: "We conclude that the sentence in the earnest money provisions providing CMC the right to terminate for Harrell's failure to deposit 'the earnest money' did not allow CMC to terminate the Contract based on Harrell's failure to deposit the 'additional earnest money' of $100 prior to his tender of the purchase price." The question is "Why not?" Why does that termination provision not mean what it plainly says, or why is it not enforceable? The majority does not tell us, the contract does not tell us, and the issue has not been heard or adjudicated by the trial court.

4

Under these circumstances and based on this record, summary judgment in favor of the buyer granting specific performance as a matter of law is not appropriate. I, therefore, dissent. I would reverse the judgment of the district court and remand for further proceedings.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Waldrop and Henson

Filed: February 5, 2009