**Opinion issued July 10, 2014.**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-13-00359-CV**

_____

**THOMAS GARCIA, Appellant**

**V.**

**AMERICAN HOME MORTGAGE SERVICING, INC., Appellee**

**On Appeal from the 212th District Court**
**Galveston County, Texas**
**Trial Court Case No. 11-CV-2072**

**MEMORANDUM OPINION**

Appellant Thomas Garcia appeals from a no-evidence summary judgment dismissing his quiet-title claim and declaratory-judgment action against appellee American Home Mortgage Servicing, Inc. He argues that the trial court should not have granted summary judgment because the motion did not specifically identify

the elements of Garcia's causes of action for which American claimed there was no evidence. Because we conclude that the no-evidence motion sufficiently identified the elements it challenged, we affirm.

## Background

Thomas Garcia's wife, Kathryn Kasselman, signed a note in favor of American Home Mortgage Servicing to borrow money to buy a house. As security for the note, Kasselman and Garcia gave a deed of trust to a named trustee for the benefit of American's nominee. American later assigned the note with an indorsement in blank to The Bank of New York, which in turn executed a servicing agreement and limited power of attorney, giving American the right to collect loan payments and to foreclose on the house.

Garcia sued American, alleging that it had "been paid" and therefore had no "interest" in the property. Accordingly, Garcia claimed that the deed of trust was a cloud on his title. In his original petition, he raised numerous causes of action, on various contract, negligence, statutory, and equitable theories.

American responded by filing a combined traditional and no-evidence motion for summary judgment. Without expressly correlating the argument to specific elements of particular claims, the no-evidence portion of the motion stated, in relevant part:

Defendant shows the Court that, after adequate time for discovery, there is no evidence proving one or more essential elements of Plaintiffs claims. Specifically:

a. There is no evidence that the Note and/or Deed of Trust are invalid.

b. There is no evidence that the Deed of Trust is a cloud on Plaintiff's title.

c. There is no evidence that Defendant is not authorized to collect payments on the Loan on behalf of the Note Holder.

d. There is no evidence that Defendant is not authorized to administer a foreclosure on behalf of a valid mortgagee.

e. There is no evidence that the Note and Deed of Trust have been separated.

. . . .

n. There is no evidence that Defendant breached a contract with Plaintiff.

o. There is no evidence that Plaintiff sustained damages as a result of Defendant's actions.

. . . .

In response, Garcia amended his petition to allege only a cloud on his title and a claim for declaratory judgment. Accordingly, the other causes of action previously asserted in the original petition were nonsuited. The declaratory-judgment portion of the amended petition asked the trial court "to find and declare that the deed of trust and Note under which defendant claims interest is invalid and

3

or not enforceable by defendant." The amended petition further explained that "there is nothing to demonstrate that defendant has any interest in the Note" because American lacked "authority to collect the payments based on the Note and Deed of Trust" and because "there is no evidence that comports with Texas law that shows who or what is the actual holder and owner of the Note thus rendering the Note and Deed of Trust unenforceable."

On the same day, Garcia separately filed a response to American's motion for summary judgment in which he argued that the no-evidence portion of the motion was defective for failure to specifically identify the elements of his causes of action lacking evidentiary support.

After a hearing, the trial court granted the no-evidence summary judgment but denied the traditional motion for summary judgment. Garcia filed a motion for new trial, which was overruled by operation of law. He then timely filed a notice of appeal.

## Analysis

Garcia argues that American's no-evidence motion was defective because it failed to identify specific elements of his causes of action. This was the sole argument presented to the trial court in response to the no-evidence motion. We review a no-evidence summary judgment de novo. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156–57 (Tex. 2004).

4

The Rules of Civil Procedure provide, "After adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial." TEX. R. CIV. P. 166a(i). "The motion must state the elements as to which there is no evidence." *Id.* A no-evidence motion "must be specific in challenging the evidentiary support for an element of a claim or defense; paragraph (i) does not authorize conclusory motions or general no-evidence challenges to an opponent's case." *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009) (quoting TEX. R. CIV. P. 166a cmt.—1997). "The underlying purpose of this requirement 'is to provide the opposing party with adequate information for opposing the motion, and to define the issues for the purpose of summary judgment.'" *Id.* at 311 (quoting *Westchester Fire Ins. Co. v. Alvarez*, 576 S.W.2d 771, 772 (Tex. 1978)). The purpose is analogous to that of the "fair notice" requirement applicable to petitions and answers. *Id.* (citing TEX. R. CIV. P. 45(b), 47(a)).

The amended petition contained only two causes of action: quiet title and declaratory judgment.

## I.    Quiet-title claim

"In a suit to remove a cloud from his title . . . . the plaintiff must prove, as a matter of law, right, title, or ownership in himself with sufficient certainty to

5

enable the court to see that he has a right of ownership and that the alleged adverse claim is a cloud on the title that equity will remove." *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). "Any deed, contract, judgment or other instrument not void on its face that purports to convey an interest in or make any charge upon the land of a true owner, the invalidity of which would require proof, is a cloud upon the legal title of the owner." *Id.* Thus a quiet-title claim has at least two elements: the plaintiff must show that he has a right of ownership and that an adverse claim is a cloud on his title. *See id.*

American's no-evidence motion asserted, "There is no evidence that the Deed of Trust is a cloud on Plaintiff's title." Moreover, the motion also asserted, "There is no evidence that the Note and/or Deed of Trust are invalid." These arguments specifically challenged the second element of the quiet-title claim, which was premised upon the alleged invalidity of the note and deed of trust.

Since American's no-evidence motion identified, with particularity, the elements of Garcia's quiet-title claim that it alleged lacked evidence, we conclude that the motion was not fatally defective and required to be denied on that basis. *See* TEX. R. CIV. P. 166a(i).

## II.   Declaratory judgment

In a declaratory-judgment action, "A person interested under a deed, will, written contract, or other writings constituting a contract . . . may have determined

6

any question of construction or validity arising under the instrument . . . and obtain a declaration of rights, status, or other legal relations thereunder." TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a) (West 2008). A declaratory-judgment action is a procedural vehicle that can be used to resolve a wide variety of legal disputes. As relevant in this case, Garcia's amended petition requested a finding and declaration "that the deed of trust and Note under which defendant claims interest is invalid and or not enforceable by defendant."

American's no-evidence motion asserted there was no evidence that "the Note and/or Deed of Trust are invalid," that it "is not authorized to collect payments on the Loan on behalf of the Note Holder," and that it "is not authorized to administer a foreclosure on behalf of a valid mortgagee." By asserting that there was no evidence that either the note or the deed of trust was invalid, and by asserting that there was no evidence that it was not authorized to collect payments under the note or to foreclose on the deed of trust, American placed Garcia on fair notice of its contention that there was no evidence that he was entitled to the particular "declaration of rights, status, or other legal relations" that he sought. *See id.* In the context of a declaratory-judgment action, this was sufficient to "state the elements as to which there is no evidence." *See* TEX. R. CIV. P. 166a(i).

Since American's no-evidence motion specifically challenged the availability of evidence to support the specific relief requested by way of

7

declaratory judgment, we conclude that the motion was not fatally defective in this regard. *See id.* Garcia's issue challenging the procedural adequacy of the no-evidence motion is therefore overruled.

Garcia also argues on appeal that summary judgment should not have been granted because his affidavit, attached to his amended petition, raised an issue of material fact. However, Garcia's response filed in the trial court did not identify this or any other record evidence that raised issues of material fact. *See* TEX. R. CIV. P. 166a(i); *Speck v. First Evangelical Lutheran Church of Hous.*, 235 S.W.3d 811, 816 (Tex. App.—Houston [1st Dist.] 2007, no pet.) ("A party must expressly and specifically identify the supporting evidence on file that it seeks the trial court to consider in a summary judgment motion or a response to a summary judgment motion."). Although Garcia attached his affidavit to his amended petition, affidavits attached to pleadings but not attached to a response are not considered summary judgment evidence. *See Speck*, 235 S.W.3d at 816. Garcia's issue challenging the existence of summary-judgment evidence to raise an issue of material fact is therefore overruled.

## Conclusion

We affirm the judgment of the trial court.


Michael Massengale
Justice

Panel consists of Justices Jennings, Bland, and Massengale.