**AFFIRM IN PART; REVERSE and REMAND IN PART and Opinion Filed October 31, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00305-CV**

**MARK GROBA, Appellant**
**V.**
**CITY OF GALENA PARK, Appellee**

**On Appeal from the 80th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2020-01826**

# MEMORANDUM OPINION

Before Justices Myers, Pedersen, III, and Garcia
Opinion by Justice Garcia

Appellant Mark Groba appeals from a no-evidence summary judgment granted in favor of appellee City of Galena Park. We affirm in part and reverse in part.

## I. BACKGROUND

### A. Factual Allegations

Groba sued the City and alleged the following facts in his live pleading.

Groba owns a property within the City. He applied for a permit to build a quadruplex on that property. The City rejected his application, and Groba was

advised that a new City ordinance prevented him from building a multi-family unit on his property. However, the ordinances were not available on the City's website. Moreover, many other property owners in the same area of the City had been allowed to build multi-family units on their property.

In September 2019, Groba's attorneys filed an "open records request" with the City seeking "production of all ordinances relevant to the location, placement, and general existence of duplexes within the City of Galena Park." In October 2019, Groba's attorneys sent a letter to the Texas Attorney General complaining about the City's failure to comply with the records request and requesting the attorney general's assistance. In November 2019, the attorney general sent a letter to the City "demanding" that the City respond. As of March 12, 2020, when Groba filed his first amended petition in this case, the City had not responded to the attorney general's letter.

## B.     Procedural History

In January 2020, Groba sued the City and several individuals in their official capacities. He sought the following relief: (1) a declaratory judgment that certain City ordinances were unconstitutional and invalid, plus related attorney's fees; (2) a writ of mandamus compelling the City to issue a building permit allowing him to build a quadruplex on his property; and (3) a writ of mandamus compelling the City to "make all ordinances relevant to the location, placement, and general existence of

duplexes within the City of Galena Park available for public inspection." Groba later filed a first amended petition that sought the same relief.

After several months, the City and the other defendants filed a no-evidence motion for summary judgment attacking all three of Groba's claims. Groba timely filed a response, supported with his declaration and additional documents.

The day before the summary-judgment hearing, Groba filed a supplemental summary-judgment response with additional evidence. He also nonsuited (i) his claim for declaratory judgment and attorney's fees and (ii) all claims against the individual defendants.

At the summary-judgment hearing, the trial judge stated that she would grant Groba leave to file his supplemental response, and she ordered a recess of a few weeks to allow the City time to file an additional reply. The hearing resumed a few weeks later, and the trial judge took the motion under advisement. The judge later granted the City's motion and dismissed all of Groba's claims with prejudice.

Groba timely appealed. The appeal was assigned to the Houston First Court of Appeals, and the Texas Supreme Court transferred it to this Court.

## II. ANALYSIS

Groba raises one issue on appeal in which he challenges the summary judgment as to both of his claims for mandamus relief.

## A. Standard of Review

We review a summary judgment de novo. *Trial v. Dragon*, 593 S.W.3d 313, 316 (Tex. 2019).

We review a no-evidence summary judgment under the same legal-sufficiency standard as a directed verdict. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). We consider the evidence in the light most favorable to the nonmovant, crediting evidence a reasonable jury could credit and disregarding contrary evidence and inferences unless a reasonable jury could not. *Id*. The nonmovant bears the burden of producing summary-judgment evidence sufficient to raise a genuine issue of material fact as to each challenged element. *Id*.

The trial judge did not specify the basis for granting summary judgment, so we must affirm if any of the grounds raised by the City are meritorious. *See id*.

## B. The Law Governing Mandamus Actions in the Trial Court

A district court has the authority to issue a writ of mandamus. *See* TEX. GOV'T CODE ANN. § 24.011. A suit for a writ of mandamus in the trial court is a civil action subject to trial and appeal on issues of substantive law and under the same procedural rules as other civil suits. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 792 n.1 (Tex. 1991).

Generally, mandamus relief is authorized to compel a public official or body either to perform a ministerial duty or to correct a clear abuse of discretion. *Bd. of Trustees of Houston Firefighters' Relief & Ret. Fund v. City of Houston*, 466 S.W.3d

182, 187 (Tex. App.—Houston [1st Dist.] 2015, pet. denied).[1] The claimant typically must establish that (1) a public official or body failed to perform a ministerial duty or committed a clear abuse of discretion and (2) there is no adequate remedy at law. *Id*. However, if a statute provides for mandamus relief, the claimant need not prove he has no adequate remedy at law. *Id*.

An act is ministerial or nondiscretionary when the law clearly spells out the duty to be performed with sufficient certainty that nothing is left to the exercise of discretion. *Id*. When a public official or body has a legal duty to perform a nondiscretionary act, a demand for performance of the act has been made, and the official or body refuses to perform, a party is entitled to mandamus relief against the official or body. *Id*. Whether a statute creates a ministerial duty is a question of law. *Id*. at 188.

## C.    Groba's Claim Concerning His Building-Permit Application

The City raised one summary-judgment ground against Groba's claim for mandamus relief from the denial of his building-permit application: Groba had no evidence that his permit application complied with all relevant laws and building codes, as would have been necessary for approval. On appeal, Groba does not dispute that this ground properly attacked an essential element of his claim, so we accept the premise that it did. *See Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763,

---

[1] In this transferred case, precedents from the First Court of Appeals are controlling. *See* TEX. R. APP. P. 41.3.

782 (Tex. 2020) ("A court of appeals may not reverse a trial court judgment on a ground not raised [by the appellant].").

Only two sentences in Groba's appellate brief address whether his evidence raised a genuine fact issue on his application's compliance with all relevant laws and building codes:

> When [the evidence is] viewed in the light most favorable to Appellant, he . . . had a right to the issuance of a permit because the original construction of the property was for four units (including original construction with 2x12 lumber to accommodate a second story and multiple utility meters for each unit). (CR, p. 231). The engineered plans included all required information and were in accordance with the code. (CR, p. 231).

Page 231 of the clerk's record is the first page of Groba's affidavit attached to his supplemental summary-judgment response, and the only part of his affidavit that addresses the adequacy of his permit application with respect to applicable laws and codes is this sentence:

> Attached to this affidavit beginning on page 10 are the plans I submitted to the City of Galena Park, which complied with all city requirements and were properly design [sic] and certified by required professionals.

The referenced "plans" are twenty-four pages of drawings and other documents that Groba does not explain in either his affidavit or his summary-judgment response.

The City responds, and we agree, that Groba's affidavit, standing alone, is too conclusory to constitute competent summary-judgment evidence on the question of whether his permit application complied with all applicable laws and building codes. A conclusory statement is one that does not provide the underlying facts to support

–6–

the conclusion. *Hartranft v. UT Health Sci. Ctr.-Houston*, No. 01-16-01014-CV, 2018 WL 3117830, at *9 (Tex. App.—Houston [1st Dist.] June 26, 2018, no pet.) (mem. op.). A conclusory affidavit is substantively defective, and the defect can be raised on appeal even if not preserved in the trial court. *Id.* at *8. The assertion in Groba's affidavit that the attached documents "complied with all city requirements" is conclusory because the affidavit contains no factual explanation of what those requirements were or how the attached documents satisfied them.

We have also examined the "plans" attached to Groba's affidavit, and we conclude that they do not cure the defect. Those plans contain various drawings and diagrams (apparently showing the structure Groba proposed to build), accompanied by a substantial amount of text. Although the textual material contains several references to codes and standards, they do not aid Groba's position. Some references, like the two that follow, are conclusory because they neither set forth the code provisions that the plans purportedly comply with nor explain factually how the plans comply with those codes:

| Electrical Note. |
| The installation shall comply with and be installed in accordance with all legally constituted authorities and code [sic] having jurisdiction. . . . . |

* * *

| Electrical General Note |
| . . . <br> 4.    Electrical work shall be in accordance with Texas Department of Licensing and Regulation (TDLR) and local codes. |

–7–

> . . . .

(Originals in all capital letters.) Other references, like the following example, are irrelevant because they do not establish that the referenced code or standard is a legally mandated requirement in the City of Galena Park:

> This project was designed in compliance with the City of Houston's Appendix L for conventional light frame wood construction for 110 mph, 3-second gust as per section 1609.3 of the amended 2003 International Residential Code.

(Original in all capital letters.) And still other references, like the following, are both conclusory and not shown to be relevant:

> All details of design, workmanship and materials shall conform to the 2012 International Residential Building Code ([illegible])

(Original in all capital letters.) Thus, the plans and diagrams that Groba filed do not support his argument.

We conclude that Groba's evidence did not raise a genuine fact issue as to whether his building-permit application complied with all relevant laws and building codes. Accordingly, we hold that the trial judge did not err by granting summary judgment on Groba's claim challenging the City's denial of his building-permit application.

## D. Groba's Claim Based on Alleged Violations of the Texas Public Information Act

The City raised one summary-judgment ground against Groba's claim for mandamus relief relating to alleged violations of the Texas Public Information Act (TPIA): Groba had no evidence that the City violated the TPIA. On appeal, Groba

does not dispute that this ground properly attacked an essential element of his claim on which he had the burden of proof, so we accept the premise that it did. *See Pike*, 610 S.W.3d at 782 ("A court of appeals may not reverse a trial court judgment on a ground not raised [by the appellant].").

Again, in Groba's live pleading he sought mandamus relief as to only one category of information: "all ordinances relevant to the location, placement, and general existence of duplexes within the City of Galena Park." With that in mind, we first examine the provisions of the TPIA.

## 1.     The Texas Public Information Act

Under the TPIA, a "governmental body" must promptly produce "public information" upon request unless the body timely asserts an applicable exception from disclosure. *See Fallon v. Univ. of Tex. MD Anderson Cancer Ctr.*, 586 S.W.3d 37, 47 (Tex. App.—Houston [1st Dist.] 2019, no pet.). "Governmental body" includes, among other things, "a municipal governing body in the state." TEX. GOV'T CODE ANN. § 522.003(1)(A)(iii). "Public information" includes, among other things, "information that is written, produced, collected, assembled, or maintained . . . in connection with the transaction of official business . . . by a governmental body." *Id*. § 552.002(a)(1).

If a governmental body receives a written request for information that the body wishes to withhold from public disclosure and that it considers to be within a statutory exception from disclosure, the body must ask for a decision from the

–9–

attorney general about whether the information is within the exception if there has not been a previous determination about whether the information falls within an exception. *Id*. § 552.301(a). Moreover, the body must ask for the attorney general's decision and state the exceptions that apply within a reasonable time "but not later than the 10th business day after the date of receiving the written request." *Id*. § 552.301(b).

If it is unclear to the governmental body what information has been requested, the body may ask the requestor to clarify the request. *Id*. § 552.222(b). If the body sends a written request for clarification and the body does not receive a written response from the requestor by the sixty-first day after the body sends the request, the request for public information is considered to have been withdrawn by the requestor. *Id*. § 552.222(d). The body's written request for clarification must state the consequences of the requestor's failure to timely respond to the request for clarification. *Id*. § 552.222(e).

The TPIA specifically authorizes persons who have requested information from a governmental body to seek mandamus relief under certain circumstances:

> A requestor or the attorney general may file suit for a writ of mandamus compelling a governmental body to make information available for public inspection if the governmental body refuses to request an attorney general's decision as provided by Subchapter G [of Chapter 552] or refuses to supply public information or information that the attorney general has determined is public information that is not excepted from disclosure under Subchapter C [of Chapter 552].

*Id*. § 552.321(a).

### 2.    Groba's Evidence

Groba argues that the evidence shows that the City made "a completely inadequate response" to his request for information and continued to fail to respond even after the attorney general got involved. We discuss his evidence below.

In his declaration under penalty of perjury, Groba stated that he learned that his building permit was denied because a new ordinance prevented him from building a multi-family unit. He requested a copy of the ordinance from the City, but he was not provided with it. Attached to his declaration is a document that includes the following text:

February 20, 2019

City of Galena Park

City Secretary's Office, Myra Gonzales

2000 Clinton Drive

Galena Park, TX 77547

Open Records Act Request

1. Names and addresses of all people on the zoning board for 2017 and 2018, all the minutes of the zoning board from March thru August, 2018.
2. All the minutes and agendas for March thru August 2018 for the City Council and Mayor.
3. All the executive session minutes from March thru August 2018.
4. When the ordinance was passed for change of zoning, who voted for and against it.
5. Copy of the new ordinance that was approved.
6. All copies of the permits and plans that were issued for duplexes and fourplexes in 2017 and 2018.
7. The name of the peson(s) and addresses for all fire marshalls for 2017 and 2018
8. The name and addresses of all building inspectors for 2017 and 2018.
9. The name and addresses of all persons working in the permit department for 2017 and 2018.
10. All open records for any grants given for economic development given for 2017 and 2018.
11. All open records for any tax abatements given for 2017 and 2018.

A reasonable fact finder could infer that Groba submitted this request to the City on February 20, 2019. Item number five in the list of requested documents is a request for an ordinance.

Also attached to Groba's declaration is a response from the City, dated June 14, 2019, in which the City Secretary stated, "In response to request number 5, your request is very broad and we are not able to identify what documents you are seeking."

Groba next states in his declaration that on September 5, 2019, he had his attorneys formally request the ordinance pursuant to the TPIA. A document including the following text is also attached to his declaration:



Groba's declaration states that this request did not receive a response with the requested documentation.

Next, Groba's declaration states that on October 14, 2019, he directed his attorneys to send a letter to the attorney general complaining about the City's failure to comply and asking the attorney general to compel the City to produce the information. That letter is attached to his declaration, as is a November 19, 2019 letter from the attorney general to the City Secretary (i) stating that the attorney general's records did not show any request from the City for a ruling under § 552.301 of the TPIA and (ii) requesting a written response to the letter within ten business days. According to Groba's declaration, which he signed on November 12, 2020, the City had yet to respond to the attorney general's letter "[a]s of the date of this filing."[2]

### 3.    Application of the Law to the Facts

Under the TPIA, Groba is entitled to a writ of mandamus compelling the City to make information available for public inspection if the City refused to request an

---

[2] There is a subsequent document in Groba's summary-judgment evidence, namely a December 10, 2020 letter from the attorney general to the City Secretary. That letter appears to address the City Secretary's request for a § 552.301 decision, but it does not appear to concern the public-information request involved in this case. The letter does not mention Groba by name or the complaint number that was assigned to Groba's complaint in the attorney general's November 19, 2019 letter. Moreover, the December 10, 2020 letter concerns a request for information about "contracts for city services, salary and wage information, and the city's budget," which are not things that Groba asked for. Finally, the letter purports to be three pages long, but page two does not appear in the clerk's record. We conclude that this document has no bearing on the issues raised in this appeal.

attorney general's decision no later than the tenth business day after receiving Groba's written request. *See* GOV'T §§ 552.301, 552.321(a).

Groba's evidence supports the following reasonable inferences:

- in September 2019, his attorneys submitted on his behalf an online records request to the City seeking "Building Codes/Ordinances Regarding th [sic] Duplexes within Galena Park City Limits," and

- the City neither provided the requested information nor sought an attorney-general decision under § 552.301(a) within the time permitted by § 552.301(b).

Thus, it appears that Groba successfully raised a genuine fact issue as to whether the City violated the TPIA because the City neither produced the ordinances Groba requested nor timely requested an attorney-general decision.

The City makes several responsive arguments in its appellee's brief.

First, the City argues that Groba's argument fails because his own summary-judgment evidence showed that his request was responded to. Although this is true as far as it goes—Groba's evidence includes copies of documents that the City apparently produced to him, such as minutes of City Commission meetings—Groba's evidence does not include any copies of any ordinances. So Groba's evidence does not refute Groba's contention.

Second, the City argues that Groba's argument fails because "all City ordinances and codes are available on library.municode.com." But the City cites no authority for the premise that the availability of requested information on the internet excuses the City from its duties under the TPIA, and we have found none. Moreover,

–14–

the City cites no evidence that the given website is a reliable source of information about its ordinances. Accordingly, we reject the City's argument.

Third, the City invokes § 552.222(b) and argues that it did not violate the TPIA because Groba's request for the ordinance was unclear. We reject this argument. The City is correct that the TPIA authorizes the governmental body to "ask the requestor to clarify" an unclear request, *id.* § 552.222(b), and a good-faith request for clarification restarts the governmental body's ten-business-day deadline for seeking an attorney-general decision from the date the request is clarified, *City of Dallas v. Abbott*, 304 S.W.3d 380, 384 (Tex. 2010). In this case, however, the City produced no evidence that it ever asked for clarification of the September 5, 2019 request that Groba submitted through his attorneys. Accordingly, the City's § 552.222 argument fails.

Finally, the City claims that on February 20, 2020, it responded to the attorney general and sent an additional document to Groba. For support, the City cites a document that it filed in the trial court as an attachment to written objections the City made against Groba's late-filed summary-judgment response and evidence. This unauthenticated document appears to be a February 20, 2020 letter from the City to the attorney general in response to the attorney general's November 19, 2019 letter to the City. But the February 20, 2020 letter is not part of the summary-judgment evidence because (i) it was not attached to the City's summary-judgment motion or either of Groba's responses and (ii) neither the motion nor the responses referred to

–15–

that letter. Accordingly, we do not consider it. *Cf. Speck v. First Evangelical Lutheran Church of Houston*, 235 S.W.3d 811, 816 (Tex. App.—Houston [1st Dist.] 2007, no pet.) ("A party must expressly and specifically identify the supporting evidence on file that it seeks the trial court to consider *in a summary judgment motion or a response to a summary judgment motion.*") (emphasis added).

Because we conclude that Groba raised a genuine issue of material fact as to whether the City violated the TPIA, we sustain Groba's sole appellate issue in part and reverse the summary judgment with respect to Groba's claim for mandamus relief under the TPIA.

### III.  DISPOSITION

We reverse the trial court's summary-judgment order with respect to Groba's claim seeking a writ of mandamus against the City for violating the TPIA. We affirm the order in all other respects. We remand the case to the trial court for further proceedings consistent with this opinion.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

210305F.P05

–16–



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

MARK GROBA, Appellant

No. 05-21-00305-CV     V.

CITY OF GALENA PARK,
Appellee

On Appeal from the 80th District
Court, Harris County, Texas
Trial Court Cause No. 2020-01826.
Opinion delivered by Justice Garcia.
Justices Myers and Pedersen, III
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part.

We **REVERSE** the judgment to the extent it granted summary judgment on appellant Mark Groba's claim for a writ of mandamus for violation of the Texas Public Information Act. In all other respects, we **AFFIRM** the trial court's judgment. We **REMAND** this case to the trial court for further proceedings consistent with our opinion.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered October 31, 2022.