

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-11-00123-CV

_____


CHRISTOPHER CASTLEBERRY, Appellant

V.

NEW HAMPSHIRE INSURANCE COMPANY, Appellee


On Appeal from the 276th Judicial District Court
Morris County, Texas
Trial Court No. 24,722


Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

OPINION

Christopher Castleberry, proceeding pro se, appeals the no-evidence summary judgment granted to New Hampshire Insurance Company concerning his worker's compensation claim, apparently relating to disability associated with an erectile dysfunction problem. Although Castleberry's issues are inadequately briefed and could be overruled as such,[1] we will, in the interests of justice, consider his issues to the extent we can determine their nature. To the best of our understanding, Castleberry appears to be complaining that the trial court erred in granting New Hampshire's no-evidence motion for summary judgment and erred in not granting a motion to transfer venue.

**(1)     The Trial Court Did Not Err in Granting the No-Evidence Summary Judgment**

The standard of review for a no-evidence motion for summary judgment is well established. A nonmovant will defeat a no-evidence summary judgment motion if the nonmovant presents more than a scintilla of probative evidence on each element of his claim. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003); *Jackson v. Fiesta Mart, Inc.*, 979 S.W.2d 68, 70-71 (Tex. App.—Austin 1998, no pet.). More than a scintilla of evidence exists when the

---

[1]The law is well settled that "[a] party proceeding pro se must comply with all applicable procedural rules" and is held to the same standards as a licensed attorney. *Weaver v. E-Z Mart Stores, Inc.*, 942 S.W.2d 167, 169 (Tex. App.—Texarkana 1997, no pet.). We review and evaluate pro se pleadings with liberality and patience, but otherwise apply the same standards applicable to pleadings drafted by lawyers. *Foster v. Williams*, 74 S.W.3d 200, 202 n.1 (Tex. App.—Texarkana 2002, pet. denied). The Texas Rules of Appellate Procedure require an appellant's brief to contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(h). Even by construing Castleberry's brief with liberality and patience, Castleberry has failed to adequately brief his issues on appeal. *See Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 896 (Tex. App.—Dallas 2010, no pet.).

evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharms.*, *Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997).

In a summary judgment hearing, the trial court's decision is based upon written pleadings and written evidence rather than on live testimony. *See* Tex. R. Civ. P. 166a(c). Contrary to the requirements prescribed in summary judgment practice, Castleberry failed to file any written response to New Hampshire's motion for summary judgment or otherwise provide any summary judgment evidence prior to the hearing. At the hearing on that motion, Castleberry attempted to introduce some summary judgment evidence,[2] an attempt to which New Hampshire objected. At the conclusion of the hearing, the trial court stated, "I'll examine those documents and determine whether or not they're admissible and so reflect in my opinion, in my letter to both of y'all." In his letter accompanying the order granting New Hampshire's motion for summary judgment, the trial court stated, "Plaintiff failed to produce any admissible evidence," but did not identify the reason or reasons that the evidence was deemed inadmissible.

Any written responses and evidence opposing a motion for summary judgment must be filed and served at least seven days before the date specified for a hearing. Tex. R. Civ. P. 166a(c). Responses and summary judgment evidence that are not timely filed may be disregarded by the trial court. *See Pinckley v. Dr. Francisco Gallegos*, *M.D.*, *P.A.*, 740 S.W.2d 529, 532 (Tex. App.—San Antonio 1987, writ denied). Castleberry's summary judgment evidence was not timely filed.

---

[2]The record does not reflect the content of this evidence.

3

We note the trial court may grant leave to a litigant to file material after the deadline. TEX. R. CIV. P. 166a(c). There is nothing in the record to reflect that the trial court refused Castleberry permission to file a late summary judgment response, but there is likewise no specific ruling that the late filings were permitted. We note the trial court would not have abused its discretion if it denied leave to file a late summary judgment response.[3] Even if we were to interpret the trial court's statement that he would examine the proffered papers to determine their admissibility as permission to file a late-filed summary judgment response, the record does not establish that Castleberry introduced more than a scintilla of admissible summary judgment evidence.

The evidence in a worker's compensation appeal must comply with the same rules as in other civil trials. *Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 528–29 (Tex. 2000); *see* TEX. LAB. CODE ANN. § 410.306(a) (West Supp. 2011). Summary judgment evidence must be in admissible form. TEX. R. CIV. P. 166a(f); *see United Blood Servs. v. Longoria*, 938 S.W.2d 29, 30 (Tex. 1997). As stated previously, the appellate record does not contain the summary judgment evidence that Castleberry attempted to introduce at the summary judgment hearing and which the trial court determined to be inadmissible.[4] By failing to present an adequate record for our

---

[3]A trial court does not abuse its discretion in denying leave to file a late summary judgment response if the litigant fails to show "(1) the failure to respond was not intentional or the result of conscious indifference, but the result of accident or mistake, and (2) allowing the late response will occasion no undue delay or otherwise injure the party seeking summary judgment." *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 687–88 (Tex. 2002). Castleberry did not attempt to show good cause for his failure to file a timely summary judgment response.

[4]The clerk's record does not contain any summary judgment evidence, and Castleberry did not request to file a formal bill of exceptions.

review, Castleberry has failed to preserve any error committed by the trial court in ruling the proffered late summary judgment evidence to be inadmissible. *See* TEX. R. APP. P. 33.1.

Because the record does not contain any summary judgment evidence to rebut the no-evidence summary judgment motion,[5] Castleberry has failed to show there is more than a scintilla of probative evidence on each element of his claim. There is no evidence that would enable reasonable and fair-minded people to differ in their conclusions. The trial court did not err in granting New Hampshire's motion for no-evidence summary judgment.

**(2)     Any Issue Concerning Venue Has Not Been Preserved**

Castleberry also complains:

> I feel that the judge has been unfair as far as his decision is concerned. This is a prime example of why I requested a change of venue. The Dallas office honored my request of change of venue but the Tyler office denied and held it up.

The record on appeal as presented to us contains no written motion requesting a change of venue, and the reporter's record does not contain any oral request. We further note that Castleberry made a similar allegation in his original petition. To the extent that Castleberry complains of any refusal to grant a requested change in venue in this case, the complaint has not been preserved for review.

---

[5]On appeal, Castleberry has filed an appendix to his brief titled "AMENDED COMPLAINT," which contains a number of medical documents. We cannot consider documents, that are not part of the record, attached as appendices to briefs. *Paselk v. Rabun*, 293 S.W.3d 600, 613 (Tex. App.—Texarkana 2009, pet. denied); *WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 465 n.23 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).

The Texas Labor Code provides, when the issue is the "compensability or eligibility for or the amount of income or death benefits," the lawsuit must be filed in:

> (1) the county where the employee resided at the time of the injury or death, if the employee is deceased; or
> (2) in the case of an occupational disease, in the county where the employee resided on the date disability began or any county agreed to by the parties.

TEX. LAB. CODE ANN. § 410.252(b) (West Supp. 2011); *see* TEX. LAB. CODE ANN. § 410.301 (West 2006). The venue provisions of Section 410.252(b), while mandatory, are not jurisdictional. *See Tex. Workers' Comp. Ins. Fund v. Tex. Workers' Comp. Comm'n*, 124 S.W.3d 813, 825 (Tex. App.—Austin 2003, pet. denied); *Mayberry v. Am. Home Assur. Co.*, 122 S.W.3d 455, 458 (Tex. App.—Beaumont 2003, no pet.); *Hartford Underwriters Ins. Co. v. Hafley*, 96 S.W.3d 469 (Tex. App.—Austin 2002, no pet.); *see also Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000) (discussing statutory prerequisites no longer presumed jurisdictional).

Because the venue provisions are not jurisdictional, any complaint was required to be raised in the trial court. *See* TEX. R. APP. P. 33.1. The appellate record does not contain any motion or objection bringing the issue to the attention of the trial court. Any error in venue has not been preserved for our review. *See, e.g.*, *Corona v. Pilgrim's Pride Corp.*, 245 S.W.3d 75, 85 (Tex. App.—Texarkana 2008, pet. denied) (venue waived).

For the reasons stated, we affirm.

Bailey C. Moseley
Justice

Date Submitted: April 23, 2012
Date Decided: April 25, 2012