

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00008-CV

_____

LATRENIA E. PLEASANT, Appellant

V.

NACOGDOCHES HOUSING AUTHORITY OF
THE CITY OF NACOGDOCHES, TEXAS, Appellee

On Appeal from the 145th District Court
Nacogdoches County, Texas
Trial Court No. C1127816

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

After the Nacogdoches Housing Authority (NHA) terminated Latrenia E. Pleasant's financial rental assistance in Nacogdoches, Texas,[1] for failing to follow United States Department of Housing and Urban Development (HUD) rules, Pleasant sued the NHA alleging "racial and disability discrimination," negligence, breach of her "Section 8 Housing Choice Voucher," and various less intelligible claims. Now, Pleasant appeals the grant of a no-evidence motion for summary judgment entered in favor of the NHA, resulting in the dismissal of all of her claims. We affirm the trial court's judgment.[2]

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2]It should be noted that the NHA had also filed a traditional motion for summary judgment asserting immunity from suit. In its summary judgment order, the trial court found "that the Traditional Motion for Summary Judgment of Defendant is moot, and that said motion is neither GRANTED nor DENIED." It did not rule on the issue of governmental immunity. However, "immunity from suit implicates courts' subject-matter jurisdiction." *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 91 (Tex. 2012). Absent an express waiver of its immunity, a governmental entity is generally immune from suit. *City of Paris v. Abbott*, 360 S.W.3d 567, 574 (Tex. App.—Texarkana 2011, pet. ref'd) (citing *State v. Shumake*, 199 S.W.3d 279, 283 (Tex. 2006)); *see City of Dallas v. Jennings*, 142 S.W.3d 310, 315 (Tex. 2004); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (West 2011). A housing authority is a governmental entity to which governmental immunity generally applies. *See* TEX. LOC. GOV'T CODE ANN. § 392.006 (West Supp. 2012).

In her pro se petition, Pleasant alleged violations of her civil rights and of the Fair Housing Act. *See* 42 U.S.C.A. §§ 1983, 3601–31 (2003). Section 1983 creates a private right of action for civil damages for violations of federal law by persons acting under color of state law. *See* 42 U.S.C.A. § 1983; *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 82 (1984). "A cause of action under this section involves two essential elements: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or the laws of the United States." *Gomez v. Housing Auth. of the City of El Paso*, 148 S.W.3d 471, 477–78 (Tex. App.—El Paso 2004, pet. denied) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 331–32 (1986)). "Unlike a claim asserted pursuant to state law, consent to suit is not required." *Id.* at 478.

A trial court has jurisdiction to determine its jurisdiction. *Dolenz v. Vail*, 200 S.W.3d 338, 341 (Tex. App.—Dallas 2006, no pet.); *Perry v. Del Rio*, 53 S.W.3d 818, 824 (Tex. App.—Austin 2001), *pet. dism'd*, 66 S.W.3d 239 (Tex. 2001). Here, however, the trial court did not address the question of whether Pleasant's pleadings sufficiently demonstrated jurisdiction or whether Pleasant should be afforded the opportunity to replead beyond her already often amended pleadings. When a governmental unit raises the affirmative defense of governmental immunity in a summary judgment motion, it must establish the affirmative defense as a matter of law. *EPGT Tex.*

"A nonmovant will defeat a no-evidence summary judgment motion if the nonmovant presents more than a scintilla of probative evidence on each element of his [or her] claim." *Castleberry v. New Hampshire Ins. Co.*, 367 S.W.3d 505, 507 (Tex. App.—Texarkana 2012, pet. denied) (citing *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003); *Jackson v. Fiesta Mart, Inc.*, 979 S.W.2d 68, 70–71 (Tex. App.—Austin 1998, no pet.)). "More than a scintilla of evidence exists when the evidence 'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'" *Id.* (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)).

The NHA argued that Pleasant was terminated from the Section 8 program as a result of violating HUD rules by: (1) "engag[ing] in a physical altercation with a neighbor," (2) allowing criminal Shaka Daniels, an unauthorized person, to live in the unit, (3) failing to report income, and (4) causing damage to the carpet in the unit, and that, therefore, Pleasant could not establish any discriminatory, willful, or wrongful conduct on the NHA's part.[3]

The trial court did not reach the merits of the NHA's motion for summary judgment. "In a summary judgment hearing, the trial court's decision is based on written pleadings and written evidence rather than on live testimony[,]" and "[a]ny written responses and evidence opposing a

---

*Pipeline, L.P. v. Harris Cnty. Flood Control Dist.*, 176 S.W.3d 330, 335 (Tex. App.—Houston [1st Dist.] 2004, pet. dism'd) (citing *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex. 1984)); *Foster v. Denton Indep. Sch. Dist.*, 73 S.W.3d 454, 459 (Tex. App.—Fort Worth 2002, no pet.); *Thompson v. City of Corsicana Hous. Auth.*, 57 S.W.3d 547, 552 (Tex. App.—Waco 2001, no pet.); *Tex. River Barges v. City of San Antonio*, 21 S.W.3d 347, 356 (Tex. App.—San Antonio 2000, pet. denied); *see City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). Due to questions which remain unanswered here, we are unable to determine whether the NHA established its affirmative defense of governmental immunity as a matter of law. Therefore, we address just the trial court's ruling on the no-evidence motion for summary judgment.

[3]After an informal hearing, which was requested by Pleasant, a hearing officer found that Pleasant had indeed violated the rules and that the NHA was within its authority to terminate the housing subsidy.

motion for summary judgment must be filed and served at least seven days before the date specified for a hearing." *Castleberry*, 367 S.W.3d at 507; *see* TEX. R. CIV. P. 166a(c); *Alford v. Thornburg*, 113 S.W.3d 575, 586 (Tex. App.—Texarkana 2003, no pet.). Here, the trial court set a hearing on the summary judgment motion for December 10, 2012. No formal response was filed by Pleasant. However, documents claimed to be "supplemental evidence" were filed by Pleasant, but not until December 5, 2012. Thus, the trial court ruled in its order that Pleasant "did not timely file a formal response to the summary judgment motion . . . , and did not file a motion for leave to file a [late] response to the referenced summary judgment."

Because the trial court did not allow Pleasant's late-filed documents, she presented no evidence in support of her response to the NHA's motion. Accordingly, summary judgment against Pleasant was proper. *See Clarksville Oil & Gas Co. v. Carroll*, No. 06-11-00017-CV, 2011 WL 5044115, at *3 (Tex. App.—Texarkana Sept. 1, 2011, no pet.) (mem. op.); *O'Donald ex rel. Estate of O'Donald v. Texarkana Mem'l Hosp.*, No. 06–04–00121–CV, 2005 WL 3191999, at **1–2 (Tex. App.—Texarkana Sept. 28, 2005, pet. denied) (mem. op.) ("Because the [Plaintiffs] did not timely respond to [Defendant's] no-evidence summary judgment motion or timely point the trial court to any summary judgment evidence raising an issue of fact on the challenged elements, the trial court properly rendered summary judgment in favor of [Defendant]."); *Baker v. Gregg County*, 33 S.W.3d 72, 77–79 (Tex. App.—Texarkana 2000, pet. dism'd) (because evidence filed late without leave of court, plaintiff presented no evidence on her claim).

We affirm the trial court's summary judgment.


Josh R. Morriss, III
Chief Justice

Date Submitted:     June 3, 2013
Date Decided:       June 6, 2013