ACCEPTED
11-16-00346-CV
ELEVENTH COURT OF APPEALS
EASTLAND, TEXAS
6/7/2017 12:19:34 PM
SHERRY WILLIAMSON
CLERK

**Case No. 11-16-00346-CV**

FILED IN
11th COURT OF APPEALS
EASTLAND, TEXAS
06/07/17 12:19:34 PM
SHERRY WILLIAMSON
Clerk

**IN THE COURT OF APPEALS
FOR THE ELEVENTH DISTRICT OF TEXAS
EASTLAND, TEXAS**

**SOUTHSIDE PARTNERS,**
Appellant

**V.**

**COLLAZO ENTERPRISES, LLC,**
Appellee

**On Appeal from Cause No. CV1408293A; in the 35th Judicial District
Court of Brown County, Texas**

**Honorable Rick Morris, Judge Presiding**

**APPELLEE'S BRIEF**

Andrew Oliver
State Bar No. 24046556
Oliver Law Office
9951 Anderson Mill Road, Suite 201
Austin, Texas 78750
Telephone: (512) 233-1103
Fax: (512) 551-0330
aoliver@oliverlawoffice.com

ATTORNEY FOR APPELLEE
COLLAZO ENTERPRISES, LLC

## Identity of Parties and Counsel

Appellee Collazo Enterprises, LLC makes the following identification of parties and counsel:

Appellant: Southside Partners

William W. Ruth
1406 E. Main, Suite 200
Fredericksburg, Texas 78624
(325) 642-9802
(325) 641-0527 (Facsimile)
TRIAL AND APPELLATE COUNSEL FOR SOUTHSIDE PARTNERS

Charles Scarborough
P.O. Box 356
Abilene, Texas 79604
(325) 672-8477
APPELLATE COUNSEL FOR SOUTHSIDE PARTNERS

James Chapman
501 W. Main #109
Fredericksburg, Texas 78624
(830) 997-3269
APPELLATE COUNSEL FOR SOUTHSIDE PARTNERS

Appellee: Collazo Enterprises, LLC

Andrew Oliver
State Bar No. 24046556
Oliver Law Office
9951 Anderson Mill Road, Suite 201
Austin, Texas 78750
Telephone: (512) 233-1103
Fax: (512) 551-0330
aoliver@oliverlawoffice.com
TRIAL AND APPELLATE COUNSEL FOR COLLAZO ENTERPRISES, LLC

# Table of Contents

Identity of Parties and Counsel……………………………….……..ii

Table of Contents…………………………………………...……iii

Index of Authorities…………………………………….……vi

Statement of the Case…………………………………...viii

Statement Regarding Oral Argument…………………………………..x

Issues Presented…………………………………….…………..xi

Statement of Facts…………………………………...………..1

Summary of the Argument…………………………..……..........3

Argument…………………………………………...……..6

I. Collazo Enterprises, LLC is a Bona Fide Purchaser
as a Matter of Law …………………………………….………6

   A. There is No Disputed Issue of Material Fact With Respect to
   Collazo Enterprises, LLC's Lack of Actual Notice of
   Southside Partners' Claims…………………………..…………6

      i.   Collazo Enterprises, LLC Satisfied its
         Evidentiary Burden………………………………………7

      ii.   Southside Partners Failed to Create a Disputed
         Issue of Material Fact Regarding Actual Notice…………...8

           a.  Evidence Submitted Prior to the Summary
              Judgment Hearing..........................................................8

           b.  Evidence Submitted After the Summary
              Judgment Hearing………………………………………9

B. There is No Disputed Issue of Material Fact With Respect to Collazo Enterprises, LLC Not Being Charged with Constructive Notice of Southside Partners' Claims………..10

C. There is No Disputed Issue of Material Fact With Respect to Collazo Enterprises, LLC Paying Valuable Consideration for the Property………………………...13

    i.    Collazo Enterprises, LLC Satisfied its Evidentiary Burden…………………………………………..13

    ii.    Southside Partners Failed to Create a Disputed Issue of Material Fact Regarding Valuable Consideration………………………………………...14

        a.  Evidence Submitted Prior to the Summary Judgment Hearing..........................................14

        b.  Evidence Submitted After the Summary Judgment Hearing………………………………...15

II.    The Special Warranty Deed to Collazo Enterprises, LLC Gives it Standing to Assert the Affirmative Defense of Bona Fide Purchaser …………………………………….....16

III.    The Trial Court Did Not Abuse Its Discretion by Granting the Motion for Summary Judgment Because Southside Partners Failed to Comply With Procedures for Requesting Additional Discovery ………………17

A. Motion for Continuance Not Timely Filed………………………18

B. Southside Partners Did Not Preserve Issue for Appeal………….19

C. Trial Court Did Not Abuse Its Discretion………………………..20

D. No Due Process Violation………………………………………..21

IV.    Southside Partners Did Not Argue Issues Related to Chains of Title at Trial and Waived this Argument on Appeal…22

Prayer……………………………………………………………………25

Certificate of Compliance………………………………………………….26

Certificate of Service……………………………………………………26

# Index of Authorities

Cases

*Alford v. Krum*, 671 S.W.2d 870, 872 (Tex. 1984)…………………………...11

*Castleberry v. New Hampshire Ins. Co.*, 367 S.W.3d 505
(Tex. App.-Texarkana 2012, pet. denied)……………………….4, 10, 16, 23

*Choctaw Properties, L.L.C. v. Aledo I.S.D.*, 127 S.W.3d 235
(Tex. App.- Waco 2003, no pet.)……………………………………………7

*Coastal Cement Sand, Inc. v. First Interstate Cred Alliance, Inc.*
956 S.W.2d 562, 567 (Tex. App.-Houston[ 14th Dist.] 1997, pet. denied)...24

*Cockrell v. Tex. Gulf Sulphur Co.*, 299 S.W.2d 672, 675 (Tex. 1956)…….11

*Colvin v. Alta Mesa Resources, Inc.*, 920 S.W.2d 688
(Tex. App.- Houston[1st Dist.] 1996, writ denied)…………………………..6

*Cooksey v. Sinder,* S.W.2d 253 (Tex. 1984)………………………………...6

*Davis v. Andrews*, 361 S.W.2d 419
(Tex. Civ. App.-Dallas 1962, writ ref'd n.r.e.)……………………………..11

*Graham v. Prochaska*, 429 S.W.3d 650, 655
(Tex. App.- San Antonio 2013, pet. denied)……………………………….11

*Hue Nguyen v. Chapa*, 305 S.W.3d 316
(Tex. App.-Houston[14th Dist.] 2009, pet denied)…………………………..6

*Huling v. Moore,* 194 S.W. 188
(Tex. Civ. App.- San Antonio 1917, writ refused)…………………………23

*Johnson v. Marti*, 214 S.W. 726
(Tex. Civ. App.- Fort Worth 1919, writ ref'd n.r.e.)………………………16

*Jones v. Wal-Mart Stores, Inc.*
892 S.W.2d 144,  (Tex. App.-Houston 1995, no writ)……………………24

*Luckel v. White*, 819 S.W.2d 459 (Tex. 1991)…………………………………..11

*Mathews v. Eldridge*, 424 U.S. 319 (1976)…………………………………...21

*Natural Gas Pipeline Co. of America v. Justiss*,
397 S.W.3d 150, 156 (Tex. 2012)…………………………………………………13

*Neeley v. Intercity Management Corp.*, 623 S.W.2d 942
(Tex. App.-Houston [1st Dist.] 1981, no writ)…………………………………...14

*Nguyen v. Short, How, Frels & Heitz, LLC*, 108 S.W.3d 558
(Tex. App.- Dallas 2003, pet. denied)…………………………………...5, 6, 19

*Nicholson v. Memorial Hosp. System*, 722 S.W.2d 746, 749
(Tex. Civ. App.-Houston[14th Dist.] 1986, writ ref'd n.r.e)………………….14

*Paul v. Houston Oil Co. of Tex.*, 211 S.W.2d 345, 356
(Tex. Civ. App.-Waco 1945, writ ref'd n.r.e.)……………………………..16

*Southwest Country Enterprises v. Lucky Lade Oil Co.*,
991 S.W.2d 490 (Tex. App.- Fort Worth 1999, pet. denied)………………19

*Speck v. First Evangelical Church of Houston*, 235 S.W.3d 811
(Tex. App.-Houston[1st Dist.] 2007, no pet.)……………………4, 10, 16, 23

*Veltmann v. Damon*, 701 S.W.2d 247, 247-248 (Tex. 1985)………………11

*Yowell v. Piper Aircraft Corp.*, 703 S.W.2d 630, 635 (Tex. 1986)………...20

Statutes

Tex. R. Civ. P. 166a(c)………………………………………..4, 10, 16, 22

Tex. R. Civ. P. 166a(d)…………………………………………………….8

Tex. R. Civ. P. 166a(f)…………………………………………………..24

Tex. R. Civ. P. 166a(g)……………………………………………18, 19

Tex. R. App. P. 33.1(a)…………………………………………...20, 23

## Statement of the Case

Appellant Southside Partners filed suit on August 1, 2014 seeking, among other relief against different parties, to set aside the sale of property from the United States of America to Appellee Collazo Enterprises, LLC. On July 20, 2015, Appellee Collazo Enterprises, LLC filed a traditional motion for summary judgment on its affirmative defense of bona fide purchaser [C.R. 118]. This motion was heard on August 14, 2015 [R.R. 4]. Appellant Southside Partners was not seeking a motion to compel or alleging non-compliance with discovery requests against Appellee Collazo Enterprises, LLC [R.R. 12].

After the hearing and without requesting leave of court, Appellant Southside Partners began filing additional responses to Appellee Collazo Enterprises, LLC's traditional motion for summary judgment that raised new arguments, factual allegations, and attached evidence that is being relied on by Appellant Southside Partners in this appeal [C.R. 275-299, 300-327, 336-360]. Appellee Collazo Enterprises, LLC responded to these various post-hearing filings [C.R. 328-335, 361-363].

On April 3, 2016 the Court granted Appellee Collazo Enterprises, LLC's traditional motion for summary judgment [C.R. 364]. On May 20,

2016, Appellee Collazo Enterprises, LLC filed an Amended Motion for Entry of Order [C.R. 364].

On June 17, 2016, Appellant Southside Partners filed his Objections to Defendant Collazo Enterprises, LLC's Proposed Order and Motion for Continuance [C.R. 367]. On June 23, 2016, Appellee Collazo Enterprises, LLC filed its Reply to Plaintiff's Objection to Proposed Order and Motion for Continuance [C.R. 403].

On July 7, 2016, the trial court signed the proposed form of Order Granting Defendant Collazo Enterprises, LLC's Traditional Motion for Summary Judgment that was submitted by Appellee Collazo Enterprises, LLC [C.R. 409].

On August 8, 2016, Appellee Southside Partners filed a Motion for Reconsideration [C.R. 411], which was addressed when Appellant removed the case to federal court. The case was then remanded back to state court.

On December 2, 2016, Appellee Southside Partners filed a Notice of Appeal [C.R. 427].

On February 2, 2017, the claims between Appellant Southside Partners and Appellee Collazo Enterprises, LLC were severed into a separate cause which is being appealed herein [C.R. 433-436].

## Statement Regarding Oral Argument

Appellee Collazo Enterprises, LLC does not believe oral argument is necessary. The law regarding the affirmative defense of bona fide purchaser is well-established and the nature of the arguments being raised by Appellant Southside Partners are of such a nature that the Court would most likely not benefit from oral argument. However, to the extent that the Court wishes to hear oral argument from Appellant Southside Partners, then in such event, Appellee Collazo Enterprises, LLC requests that it also be allowed to present oral argument.

## Issues Presented

1.      Was Collazo Enterprises, LLC entitled to judgment as a matter of law on its affirmative defense of bona fide purchaser?  The trial court correctly held that Collazo Enterprises, LLC satisfied its evidentiary burden and was entitled to judgment as a matter of law on its affirmative defense of bona fide purchaser.

2.      Did Southside Partners waive its arguments and evidence that were not raised for the first time until after the hearing on Collazo Enterprises, LLC's motion for summary judgment?  As a matter of law, the post-hearing filings and evidence submitted by Southside Partners were waived and should not be considered by the Court because Southside Partners did not request leave of the trial court to file the evidence and have it considered by the trial court.

3.      Did Southside Partners timely file his motion for continuance?  As a matter of law, a motion for continuance filed after a court has ruled on motion for summary judgment is untimely and cannot be raised in an appeal.

4.      Did Southside Partners preserve the issue of his motion for continuance for review by this Court? As a matter of law, Southside Partners did not preserve this issue for appeal because he never set his motion for continuance for hearing or obtained a ruling on the motion for continuance.

5.    Did the trial court violate Southside Partners' due process rights by granting Collazo Enterprises, LLC's Traditional Motion for Summary Judgment despite the post-hearing filings of Southside Partners? Because Southside Partners did not comply with the Texas Rules of Civil Procedure there was no violation of Southside Partners' due process rights.

**Statement of Facts**

Appellee Collazo Enterprises, LLC would allege and show the pertinent facts for the Court to consider are as follows:

Appellant Southside Partners (William W. Ruth) purchased the property in question (the "property") at a July 2002 tax sale [C.R. 7]. On September 13, 2002, Appellant Southside Partners (as William W. Ruth) executed a Special Warranty Deed conveying the property to William Taylor Crow, Colby Crow, and Tanner Crow (the "Crown children") [C.R. 125-127]. The Special Warranty Deed did not reserve any interest in the property in Appellant Southside Partners [C.R. 125].

On September 12, 2006, James A. Crow filed Cause No. CV0609369; James A. Crow v. William Taylor Crow, et al.; in the 35th Judicial District Court of Brown County, Texas ("Crow Lawsuit") against the Crow children who were the owners of record of the property at that time [C.R. 129]. On May 11, 2007, the trial court in the Crow Lawsuit rendered judgment that James A. Crow was the owner of the property [C.R. 143-144].

On April 12, 2013, an Agreed Final Order Regarding Forfeiture Regarding 26.63 Acres of Land Property was signed in a federal criminal proceeding filed by the United States of America against James Crow [C.R.

1

146-149]. As a result of the forfeiture, the United States of America acquired title to the property [C.R. 147-148].

On June 9, 2014, the United States of America conveyed the property to Appellee Collazo Enterprises, LLC by Special Warranty Deed [C.R. 150-158]. The purchase price for the property was $25,000 [C.R. 159]. The property is in a flood zone [C.R. 159]. At the time Appellee Collazo Enterprises, LLC acquired the property, Lou Collazo, who is the principal of Appellee Collazo Enterprises, LLC was not aware of any claims of William Ruth, either individually or as Southside Partners or under any other name or alias was claiming an interest in the property [C.R. 159].

There are a number of other factual allegations contained in the Statement of Facts section of Appellant Southside Partners' Brief of Appellant. However, many of these facts should be completely disregarded by the Court because they were not alleged and evidence was not submitted to support these facts until after the hearing on the motion for summary judgment.

## Summary of the Argument

As plead at the time of the hearing on Collazo Enterprises, LLC's Traditional Motion for Summary Judgment, this case primarily involved a straightforward analysis of documents in the chain of title to Collazo Enterprises, LLC and whether or not those documents evidenced the ownership claim of Southside Partners to an undivided one half (1/2) interest in the property. Southside Partners' own petition states that he purchased the property at a tax sale prior to September 13, 2002 [C.R. 7], that he then gave a deed on or about September 13, 2002 to the Crow children [C.R. 7], and that James Crow later filed suit against only the Crow children to put title to the property in his name [C.R. 7-11]. The question of law before the Court is whether or not the deed to the Crow children reserved an interest in the property in William W. Ruth, who is Southside Partners.

Collazo Enterprises, LLC is unquestionably a bona fide purchaser for value as a matter of law and satisfied its burden at the hearing on its Traditional Motion for Summary Judgment. As argued in Collazo Enterprises, LLC's Traditional Motion for Summary Judgment, the Warranty Deed signed by William W. Ruth to the Crow children did not reserve or except any interest from the conveyance, and thus there would have been no need to join William W. Ruth/Southside Partners in the lawsuit

3

filed by James Crow because he did not appear to be an owner of record [C.R. 120-122]. Thus, there was no notice of Southside Partners' claims.

Perhaps as a result of sensing the deficiency of his summary judgment arguments, Southside Partners has embarked on an ever changing story (that continues through his Brief of Appellant) in an attempt to defeat Collazo Enterprises, LLC's Traditional Motion for Summary Judgment. In what began as a baseless and unpled allegation that the Warranty Deed of record was not signed by Southside Partners, has continued to further evolve beyond the facts as pled in Southside Partners' petition to the point of absurdity. Fortunately for this Court, it is spared from having to wade through Southside Partners' arguments filed after the summary judgment hearing because Southside Partners failed to request leave of court for his arguments and evidence to be considered. As a result, these arguments and evidence have been waived and are not part of the summary judgment record. Tex. R. Civ. P. 166a(c); *Castleberry v. New Hampshire Ins. Co.*, 367 S.W.3d 505 (Tex. App.-Texarkana 2012, pet. denied); *Speck v. First Evangelical Church of Houston*, 235 S.W.3d 811 (Tex. App.-Houston[1st Dist.] 2007, no pet.). Thus, the Court should not consider any of Southside

Partners' post-hearing filings when reviewing the trial court's ruling on Collazo Enterprises, LLC's Traditional Motion for Summary Judgment[1].

Similarly, Southside Partners did not file a motion for continuance until after the trial court granted Collazo Enterprises, LLC's Traditional Motion for Summary Judgment, which was untimely. *Nguyen v. Short, How, Frels & Heitz, LLC*, 108 S.W.3d 558, 562-563 (Tex. App.- Dallas 2003, pet. denied). In addition to not timely filing his motion, Southside Partners never requested a hearing on his motion for continuance or obtained a ruling on the continuance. As a result, he has waived his right to complain on appeal about the trial court not granting his motion for continuance.

Because of Southside Partners' failure to adhere to the Texas Rules of Civil Procedure, it will not be an abuse of discretion or violation of Southside Partners' due process rights to disregard his post-hearing filings, and giving them their proper weight- which is none- the Court should affirm the trial court's granting of Collazo Enterprises, LLC's Traditional Motion for Summary Judgment.

---

[1] However, even if Southside Partners did not waive his ability to have his post-hearing evidence considered by the Court, which is assumed solely for the sake of argument, there are still numerous evidentiary issues that exist with Southside Partners' evidence. For example, much of the evidence is either conclusory or based on hearsay or unauthenticated and thus is unquestionably not competent summary judgment evidence.

5

**Argument**

## I. Collazo Enterprises, LLC is a Bona Fide Purchaser as a Matter of Law

In order to prevail on its affirmative defense of bona fide purchaser, Collazo Enterprises, LLC was required to show that it made a good faith purchase of the property for valuable consideration without actual or constructive notice of Plaintiff's claim. *Cooksey v. Sinder,* S.W.2d 253 (Tex. 1984); *Colvin v. Alta Mesa Resources, Inc.*, 920 S.W.2d 688 (Tex. App.-Houston[1st Dist.] 1996, writ denied). A party's status as a bona fide purchaser is a question of law when there is no room for ordinary minds to differ about the conclusions that can be drawn from the evidence. *Hue Nguyen v. Chapa*, 305 S.W.3d 316 (Tex. App.-Houston[14th Dist.] 2009, pet denied).

As will be shown below, Collazo Enterprises, LLC presented competent summary judgment evidence on the required elements of its affirmative defense of bona fide purchaser, and Southside Partners failed to provide competent summary judgment evidence in response. The trial court correctly granted Collazo Enterprises, LLC's Traditional Motion for Summary Judgment, and this Court should affirm the trial court's judgment.

A. <u>There is No Disputed Issue of Material Fact With Respect to Collazo Enterprises, LLC's Lack of Actual Notice of Southside Partner's Claims</u>

i.      Collazo Enterprises, LLC Satisfied its Evidentiary Burden

In support of its Traditional Motion for Summary Judgment, Collazo Enterprises, LLC attached the Affidavit of Collazo Enterprises, LLC, which was signed by Lou Collazo, who is the principal of Collazo Enterprises, LLC. In the affidavit, Lou Collazo stated that he was never informed of the claims of William Ruth, either individually or as Southside Partners, to the property [C.R. 159-160]. This clear and unequivocal testimony supports the claim that Collazo Enterprises, LLC did not have actual notice of Southside Partners' claims.

The Court should overrule Southside Partners' objection that the affidavit of Lou Collazo is conclusory on the issue of actual notice. A statement is only conclusory if it lacks the underlying facts to support it. *Choctaw Properties, L.L.C. v. Aledo I.S.D.*, 127 S.W.3d 235 (Tex. App.-Waco 2003, no pet.). Not only does the affidavit contain the necessary underlying facts, such as that Mr. Collazo was personally involved in the transaction and was the only individual of Collazo Enterprises, LLC involved in the purchase of the property, but he goes on to say that he was never informed of the claims of Southside Partners.

What more was needed to establish the lack of actual notice? Certainly the answer is nothing, and for the Court to agree with Southside

7

Partners that such testimony was conclusory, would require Mr. Collazo to state each and every person who did ***not*** inform him of the claims of Southside Partners, which is certainly not required for this statement in the affidavit to not be conclusory.

Thus, having presented evidence that there was no actual knowledge of the claims of Southside Partners, it was incumbent upon Southside Partners to submit competent summary judgment evidence seven days before the hearing to raise a fact issue on this point and show that Lou Collazo had been informed of Southside Partners' claims. Tex. R. Civ. P. 166a(d).

    ii. <u>Southside Partners Failed to Create a Disputed Issue of Material Fact Regarding Actual Notice</u>

    a. <u>Evidence Submitted Prior to the Summary Judgment Hearing</u>

At the time of the hearing, Southside Partners failed to submit any evidence of any kind that purported to show an individual contacted Lou Collazo and advised him of Southside Partners' claims. At best, Southside Partners submitted evidence that he told Steve Jumes, an attorney representing the United States of America, about his claims. Even if you assume this statement is true for the sake of argument, there was no evidence that Steve Jumes then informed Collazo Enterprises, LLC about his conversations with Southside Partners.

8

Similarly, Southside Partners did not plead or submit evidence on any activities conducted by him on the property that would have given Collazo Enterprises, LLC notice of his claims. However, given that the property is an unimproved tract located in a flood plain [C.R. 159, 189], Southside Partners would be hard pressed to show how he allegedly possessed the property in such a manner so as to give Collazo Enterprises, LLC notice of his claims.

It was incumbent upon Southside Partners to timely present evidence on this issue of whether or not Collazo Enterprises, LLC had actual notice of Southside Partners' claims, and Southside Partners failed to present any such evidence at the hearing on Collazo Enterprises, LLC's Traditional Motion for Summary Judgment.

b. Evidence Submitted After the Summary Judgment Hearing

After the hearing on Collazo Enterprises, LLC's Traditional Motion for Summary Judgment, Southside Partners submitted four of his own affidavits and other evidence that unsuccessfully attempt to create a fact issue with regard to actual notice. At no time did Southside Partners request leave of Court for this evidence to be considered as part of the summary judgment record. It is therefore not a part of the summary judgment record and Southside Partners has waived his right to rely on this evidence. Tex. R.

Civ. P. 166a(c); *Castleberry v. New Hampshire Ins. Co.*, 367 S.W.3d 505 (Tex. App.-Texarkana 2012, pet. denied); *Speck v. First Evangelical Church of Houston*, 235 S.W.3d 811 (Tex. App.-Houston[1ˢᵗ Dist.] 2007, no pet.). The Court should not consider any of Southside Partners' filings that were submitted to the trial court after the hearing.

B.  There is No Disputed Issue of Material Fact With Respect to Collazo Enterprises, LLC's Not Being Charged With Constructive Notice of Southside Partners' Claims

In addition to actual notice, a Court will consider whether or not there are matters appearing in the deed records that would put a party on notice of another's claims to the property. In this case, there is nothing of record that would have put Collazo Enterprises, LLC on notice of Southside Partners' claims to reserving a one half interest in the property. The granting language in the Warranty Deed of record from Southside Partners to the Crow children states:

THAT I, William W. Ruth of the County of Brown, State of Texas, for an in consideration of the sum of TEN AND NO/100 ($10.00) DOLLARS, and other good and valuable consideration to the undersigned paid by the Grantee herein named, the receipt of which is hereby acknowledged, have GRANTED, SOLD AND CONVEYED, and by these presents do GRANT, SELL AND CONVEY unto WILLIAM TAYLOR CROW, COLBY CROW and TANNER CROW, an undivided interest in all of the following described property lying and being situated in Brown County, Texas, to-wit:

10

The interpretation of a deed is a question on law. *Luckel v. White*, 819 S.W.2d 459 (Tex. 1991). The Court is to ascertain the intent of the parties from all of the language in the deed, and must strive to harmonize all parts of the deed and to give effects to all of its provisions. *Id.* The question is not what the parties intended to say, but what they did say in the deed. *Alford v. Krum*, 671 S.W.2d 870, 872 (Tex. 1984).

The granting clause prevails over all other provisions in a deed. *Veltmann v. Damon*, 701 S.W.2d 247, 247-248 (Tex. 1985). A deed will be construed to confer upon the grantee the greatest estate that the terms of the instrument will permit. *Davis v. Andrews*, 361 S.W.2d 419 (Tex. Civ. App.- Dallas 1962, writ ref'd n.r.e.); see also, *Graham v. Prochaska*, 429 S.W.3d 650, 655 (Tex. App.- San Antonio 2013, pet. denied)("[A] warranty deed will pass all of the estate owned by the grantor at the time of the conveyance unless there are reservations or exceptions which reduce the estate conveyed."), citing, *Cockrell v. Tex. Gulf Sulphur Co.*, 299 S.W.2d 672, 675 (Tex. 1956).

A reservation must be made by clear language and Courts do not favor reservations by implications. *Graham* 429 S.W.3d at 655. Similarly, exceptions must identify the property to be excepted from the larger conveyance with reasonable certainty. *Graham* 429 S.W.3d at 655-656.

11

Because the Warranty Deed signed by Southside Partners does not reserve or except any of the property from the conveyance to the Crow children, and each of the children is granted "an undivided interest in all" of the property at issue, there was nothing that would have put Collazo Enterprises, LLC on notice of Southside Partners' claims that he retained an undivided one-half interest in the property. It was and is proper to construe the Warranty Deed as conveying all of Southside Partners' interest in the property to the Crow children.

Given the language of the Warranty Deed, there was no need, at least appearing of record, for James Crow to add Southside Partners as a party to the Crow Lawsuit because Southside Partners had already conveyed the property and was not an owner of record at the time the lawsuit was filed.

The Judgement rendered in the Crow Lawsuit ordered that title to the property was quieted in James A. Crow. The undisputed summary judgment evidence establishes that after the Judgment was rendered in the Crow Lawsuit, title eventually passed to Collazo Enterprises, LLC.

The other allegations of Southside Partners regarding the alleged fraud committed by James Crow do not concern matters appearing of record in the Official Public Records of Brown County, Texas. Collazo Enterprises, LLC was not involved in any of those situations and had no knowledge of

them at the time of its purchase; it is without question that Collazo Enterprises, LLC cannot be charged with notice of those facts.

For the foregoing reasons, even if Southside Partners claims to have retained a one-half interest in the Property in the Warranty Deed are true, that interest was not reflected in the Warranty Deed he signed[2] and did not otherwise appear of record in the Official Public Records of Brown County, Texas at the time Collazo Enterprises, LLC purchased the property, and Collazo Enterprises, LLC is a bona fide purchaser for value as a matter of law.

C.   There is no disputed issue of material fact with respect to Collazo Enterprises, LLC paying valuable consideration of the property

   i.   Collazo Enterprises, LLC Satisfied its Evidentiary Burden

Collazo Enterprises, LLC purchased the property from United States of America for $25,000 [C.R. 159]. The property is 26.63 acres [C.R. 150]. Thus the purchase price paid by Collazo Enterprises, LLC was approximately $1,000 per acre. The Affidavit of Collazo Enterprises, LLC sets forth the opinion and basis for the value of the property [C.R.159]. *Natural Gas Pipeline Co. of America v. Justiss*, 397 S.W.3d 150, 156 (Tex.

---

[2] With respect to the allegation that Southside Partners alleges he did not sign this Warranty Deed, please see the arguments contained in Section IV of this Appellee's Brief, pages 23-24). Southside Partners' allegations that he did not sign this deed should be disregarded by the Court.

2012) (holding that a property owner may testify about the value of his or her property).

In order to satisfy the valuable consideration element of its bona fide purchaser affirmative defense, Collazo Enterprises, LLC only needs to show that it did not pay a grossly inadequate sales price. *Neeley v. Intercity Management Corp.*, 623 S.W.2d 942 (Tex. App.-Houston [1ˢᵗ Dist.] 1981, no writ).

ii. Southside Partners Failed to Create a Disputed Issue of Material Fact Regarding Valuable Consideration

a. Evidence Submitted by Southside Partners Prior to the Summary Judgment Hearing

Southside Partner's evidence submitted on the issue of value at the time of the hearing was a reference to a partial deposition transcript of James Crow attached to Plaintiffs' Amended Petition. As a matter of law, a pleading is not summary judgment evidence. *Nicholson v. Memorial Hosp. System*, 722 S.W.2d 746, 749 (Tex. Civ. App.-Houston[14ᵗʰ Dist.] 1986, writ ref'd n.r.e). Even if pleadings were considered to be competent summary judgment evidence, this statement is conclusory because there are no facts to establish that the property being discussed in the transcript is in fact the property in question in this lawsuit and the statements are based on the hearsay of James Crow in a separate legal proceeding.

14

Southside Partners' also attached its own letter to Steve Jumes [C.R. 189-191] as part of his summary judgment response. Curiously, Southside Partners redacted out almost all of the statements of value he placed on the property in the letter. However, it appears Southside Partners unintentionally failed to redact one of the statements of value and his letter in the summary judgment record states that "I do not believe that the property has increased in value much more than the $500 an acre I paid for the property back in 2000." [C.R. 191]. He also goes on to state that value for a "much more expensive, 8-acre tract involving all the 'frontage'"[C.R. 191] was recently purchased for $1,000 an acre [C.R.189]. Thus, Southside Partners' own summary judgment evidence establishes the value of the property as worth not much more than the $500 an acre.

Given than Collazo Enterprises, LLC paid approximately $1,000 an acre, there is no disputed issue of material fact that the purchase price paid by Collazo Enterprises, LLC was not grossly inadequate and satisfied the valuable consideration element necessary for Collazo Enterprises, LLC to be a bona fide purchaser as a matter of law.

      b. Evidence Submitted by Southside Partners After the Summary Judgment Hearing

As with the evidence submitted on the issue of actual notice, the evidence submitted by Southside Partners after the hearing on Collazo

15

Enterprises, LLC's Traditional Motion for Summary Judgment was without leave of court and therefore Southside Partners cannot rely on it. Tex. R. Civ. P. 166a(c); *Castleberry v. New Hampshire Ins. Co.*, 367 S.W.3d 505 (Tex. App.-Texarkana 2012, pet. denied); *Speck v. First Evangelical Church of Houston*, 235 S.W.3d 811 (Tex. App.-Houston[1st Dist.] 2007, no pet.).

## II.	The Special Warranty Deed to Collazo Enterprises, LLC Gives it Standing to Assert the Affirmative Defense of Bona Fide Purchaser

Texas case law specifically holds that a party claiming title under a special warranty deed can claim the affirmative defense of bona fide purchaser. *Johnson v. Marti*, 214 S.W. 726 (Tex. Civ. App.- Fort Worth 1919, writ ref'd n.r.e.); see also, *Paul v. Houston Oil Co. of Tex.*, 211 S.W.2d 345, 356 (Tex. Civ. App.-Waco 1945, writ ref'd n.r.e.)("It is true that this deed contains a special warranty but under the great weight of authority, such special warranty does not carry any notice of defects of title to the grantee"). The Special Warranty Deed to Collazo Enterprises, LLC most certainly contains a warranty of title, and the authority cited above unquestionably supports Collazo Enterprises, LLC's ability to successfully assert the bona fide purchaser defense and that it will only be charged with notice of facts appearing of record in the chain of title.

The cases cited by Southside Partners only address the issue of whether a party taking title under a quitclaim deed or other form of deed that does not contain a covenant of warranty can be bona fide purchasers. None of Southside Partners' cases hold that a party taking title under a special warranty deed cannot allege the affirmative defense of bona fide purchaser or that a party taking title under a special warranty deed is put on notice of unrecorded defects in the chain of title. The cases are distinguishable on the facts and inapplicable to the case now before the Court.

## III. The Trial Court Did Not Abuse Its Discretion by Granting the Motion for Summary Judgment Because Southside Partners Failed to Comply With Procedures for Requesting Additional Discovery

Southside Partners now argues that it was an abuse of discretion for the trial court to grant Collazo Enterprises, LLC's Traditional Motion for Summary Judgment when discovery was allegedly needed on outstanding issues of fact.

However, Collazo Enterprises, LLC has fully and completely responded to Southside Partners' discovery requests. This was confirmed at the hearing on Collazo Enterprises, LLC's Traditional Motion for Summary Judgment during the following exchange to the trial court:

```
                    MR. OLIVER:  If I may just interject to
clarify one issue, the motion to compel is not against
the defendant Collazo Enterprises, LLC.
                    MR. RUTH:  Correct.
                    MR. OLIVER:  It's against other
defendants, but Collazo Enterprises LLC has responded to
plaintiff's discovery requests.
                    MR. RUTH:  Yes, and they --
                    THE COURT:  What other defendants?
                    MR. RUTH:  It was James Crow and Donna
Crow.
                    Yes, Collazo Enterprises timely provided
discovery.  I have not had any problems working with Mr.
Oliver in the discovery process.
```

If Southside Partners wanted to continue the hearing to allow for additional discovery to be conducted, he should have either filed an affidavit under the provisions of Tex. R. Civ. P. 166a(g) or filed a verified motion for continuance prior to the hearing. Southside Partners took neither such action and proceeded with the hearing, including an announcement of ready [R.R. 4].

A.     Motion for Continuance Not Timely Filed

It was not until after the Court ruled on Collazo Enterprises, LLC's Traditional Motion for Summary Judgment that Southside Partners filed his motion for continuance [C.R. 367]. As a matter of law, this was untimely.

*Nguyen v. Short, How, Frels & Heitz, LLC*, 108 S.W.3d 558, 562-563 (Tex. App.- Dallas 2003, pet. denied); See also, Tex. R. Civ. P. 166a(g).

To the extent that Southside Partners now complains that Tonya Patton was not identified in the disclosure response of Collazo Enterprises, LLC, Southside Partners fails to appreciate the fact that Tonya Patton was in no way involved in the purchase of the property, is not an owner of Collazo Enterprises, LLC, and there was absolutely no need for Collazo Enterprises, LLC to identify her as a person with knowledge. If any party was required to disclose Tonya Patton as a person with knowledge, it would be Southside Partners and not Collazo Enterprises, LLC[3]. Additionally, it was well within Southside Partners' ability to "remember" his conversations with Tonya Patton prior to the hearing on Collazo Enterprises, LLC's Motion for Summary Judgment.

B.      Southside Partners Did Not Preserve Issue for Appeal

In addition to being untimely, Southside Partners never took any action on his motion for continuance after filing it. Because Southside Partners never obtained a hearing or ruling on the motion for continuance he did not preserve this issue for appeal. *Southwest Country Enterprises v. Lucky Lade Oil Co*., 991 S.W.2d 490 (Tex. App.- Fort Worth 1999, pet.

---

[3] Also, Collazo Enterprises, LLC disputes that the alleged conversations between Southside Partners and Tonya Patton took place.

19

denied). Obtaining a ruling on his motion for continuance would be required by Southside Partners even if the motion for continuance was timely filed. Tex. R. App. P. 33.1(a)

C.    Trial Court Did Not Abuse Its Discretion

Because the Texas Rules of Civil Procedure set forth the methods for requesting a continuance when a party cannot adequately respond to a motion for summary judgment and needs to conduct discovery, and Southside Partner failed to adhere to those procedures (see arguments A and B above), there was no abuse of the trial court's discretion when it granted Collazo Enterprises, LLC's Motion for Summary Judgment. Simply put, it was well within the trial court's discretion to disregard the post-hearing arguments and evidence presented by Southside Partners. *Yowell v. Piper Aircraft Corp.*, 703 S.W.2d 630, 635 (Tex. 1986) (holding that when deciding whether a trial court abused its discretion, the appellate court does not substitute its judgment for that of the trial court, but only decides whether the trial court's action was arbitrary and unreasonable; and that before an appellate court reverses the trial court's discretionary ruling, it should appear clearly from the record that there has been a disregard of the rights of a party.)

20

The cases cited by Southside Partners are distinguishable because in those cases there was a motion before the court and a refusal of the court to conduct a hearing or rule on the motion. Here, the trial court was never requested to rule and Southside Partners never set his untimely motion for hearing. Under these circumstances, where no request for a hearing was made to the trial court and no ruling was given, there is no abuse of discretion.

E.    No Due Process Violation

Southside Partners argues, without citing to any authority, that his due process rights have been violated. Due process requires consideration of three factors: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interests through the procedures used, and probable value of any of additional procedural safeguards, and (3) the government's interest, including the fiscal and administrative burdens that the additional or substitute procedures to be involved. *Mathews v. Eldridge*, 424 U.S. 319 (1976). Here, Southside Partners, who is a licensed attorney, was presumably well aware of the Texas Rules of Civil Procedure and should have been aware of the timing and method for requesting a continuance and presenting late filed summary judgment evidence. Also, there is nothing in the record indicating that

21

Southside Partners attempted to comply with these procedures and was not allowed to do so by the trial court.

It would represent a gross miscarriage of justice if a party such as Southside Partners could plead his case, attend a hearing on a motion for summary judgment against his claims, and then without leave of court and before the ruling on the motion, amend his petition and late file evidence that could have easily been presented prior to the hearing but was not. If anything, allowing such disregard for the Texas Rules of Civil Procedure and reversing the trial court's judgment would result in a due process violation against Collazo Enterprises, LLC.

## IV. Southside Partners Did Not Argue Issues Related to Chains of Title at Trial and Waived this Argument on Appeal

In his appeal, Southside Partners raises for the first time that the chain of title predating his Warranty Deed to the Crow children creates a title issue that evidences his claim to retaining an undivided one half interest in the property. This argument was not plead nor was any evidence presented on this issue at the time of the hearing on Collazo Enterprises, LLC's Traditional Motion for Summary Judgment. Nor was a motion for leave ever filed to allow this argument to be presented to the trial court and included in the summary judgment record. As a result, this argument has been waived and cannot be alleged on appeal. Tex. R. Civ. P. 166a(c); Tex.

22

R. App. P. 33.1(a); *Castleberry v. New Hampshire Ins. Co.*, 367 S.W.3d 505 (Tex. App.-Texarkana 2012, pet. denied); *Speck v. First Evangelical Church of Houston*, 235 S.W.3d 811 (Tex. App.-Houston[1st Dist.] 2007, no pet.).

However, even if this argument was not waived, and assuming so solely for the sake of argument, the Sheriff's Deed attached as Appendix Item A in no way evidences Southside Partners' desire to retain a one half interest in the property. Furthermore, the long held doctrine of after acquired title will resolve any issues associated with the Brown County Sheriff's delay in execution of the Sheriff's Tax Deed from the July 2002 tax sale. See, *Huling v. Moore,* 194 S.W. 188 (Tex. Civ. App.- San Antonio 1917, writ refused) (holding that when a party gives a warranty deed and later acquires title to the land previously conveyed in said warranty deed, the land passes to the grantee in the warranty deed as if originally conveyed).

Lastly, there is no competent summary judgment evidence that Southside Partners did not execute the Warranty Deed attached as Exhibit B to the Brief of Appellant. As pointed out in Collazo Enterprises, LLC's reply to Southside Partners' summary judgment response [C.R. 269, fn. 1], the "affidavit" of William W. Ruth attached to the response contains the statement "I have read Plaintiff's Response to Defendant Collazo Enterprises, LLC's motion for summary judgment…" and purports to be

notarized on July 15, 2015 [C.R. 178-179]; however, Collazo Enterprises, LLC's Traditional Motion for Summary Judgment was not served until July 17, 2015 [C.R. 124]. As a result, the jurat is necessarily not authentic because Southside Partners could not have responded to a motion he had not yet received. Despite receiving notice of this deficiency, Southside Partners never requested leave or took any other action to amend his "affidavit". An unsworn statement is not competent summary judgment evidence. *Coastal Cement Sand, Inc. v. First Interstate Cred Alliance, Inc.* 956 S.W.2d 562, 567 (Tex. App.-Houston[ 14th Dist.] 1997, pet. denied); Tex. R. Civ. P. 166a(f).

In addition to there being no competent summary judgment evidence, this factual allegation was unpled by Southside Partners in his petition on file at the time of the hearing, and Collazo Enterprises, LLC objected to the allegation not being pled [C.R. 269-270]. Thus, this allegation was not at issue before the trial court and should not form the basis for reversing the trial court's judgment. *Jones v. Wal-Mart Stores, Inc.*, 892 S.W.2d 144, (Tex. App.-Houston 1995, no writ)(holding that unpled allegation raised for the first time in a summary judgment response was not properly at issue before the trial court).

## Prayer

For the forgoing reasons Appellee Collazo Enterprises, LLC respectfully requests that this Court affirm the Order Granting Defendant Collazo Enterprises, LLC's Traditional Motion for Summary Judgment signed by the trial court on July 7, 2016, deny all relief sought by Appellant Southside Partners in this appeal, and grant such other and further relief to Appellee Collazo Enterprises, LLC to which it may be justly entitled.

Respectfully submitted,

OLIVER LAW OFFICE

By_____
  Andrew Oliver
  State Bar No. 24046556
  9951 Anderson Mill Road
  Suite 201
  Austin, Texas 78750
  Telephone: (512) 233-1103
  Fax: (512) 551-0330
  aolive@oliverlawoffice.com
ATTORNEY FOR APPELLEE
COLLAZO ENTERPRISES, LLC

Certificate of Compliance


As requested by Tex. R. App. P. 9.4(i)(3), the undersigned counsel does hereby certify that that the foregoing Appellee's Brief is 5,005 words in size 14 Times New Roman font, except for footnotes which are size 12.

_____
Andrew Oliver


Certificate of Service


As required by Rule 21, I hereby certify that on the 7th day of June 2017, I served this document on the following attorneys of record and parties by a method of service authorized under Tex. R. App. P. 9.5 as follows:

*Via E-Service:*

William W. Ruth
1406 E. Main, Suite 200
Fredericksburg, Texas 78624

*Via Certified Mail Return Receipt Requested:*

Charles Scarborough
P.O. Box 356
Abilene, Texas 79604

James Chapman
501 W. Main #109
Fredericksburg, Texas 78624

_____
Andrew Oliver